IN THE MATTER OF WILLIAM D. PERKINS.
(SUPREME COURT DISCIPLINARY NOS. 348, 349, 350)
(336 SE2d 254)

PER CURIAM.

The State Bar filed three formal complaints against William D. Perkins alleging violations of Georgia Bar Rule 4-102; Standards 21, 22, 23, 44 and 68. The substance of the complaints alleged wilful abandonment of clients and retention of unearned fees.

The factual contentions of the petition are that Perkins accepted a $500 retainer from his client and subsequently failed to communicate with him or to take any action on his behalf for over a year; that Perkins accepted $275 from another client which he kept, and neglected to answer complaints against his client, so that default judgments were entered against her; and that Perkins unduly delayed the resolution of an estate in which his client was executrix by failing to communicate with her, or to take any action on her behalf.

Perkins failed to answer the petition. The State Bar filed a motion to declare default under Rule 4-212 (a), and moved that the Special Master find the allegations of fact to be admitted. Some months thereafter Perkins filed an answer and a motion to open the default. The Special Master denied the motion, finding no basis for opening the default. Thereafter, Perkins was provided a hearing to present matters in mitigation. The Special Master found no mitigating circumstances. The State Disciplinary Board approved the findings of the Special Master, and, based on two prior disciplinary infractions, as well as the violations here presented, the State Disciplinary Board recommended Perkins be disbarred. See Bar Rule 4-103.

Perkins excepted to the findings of the Special Master and State Disciplinary Board under OCGA § 9-11-55 (b) relating to excusable neglect, and urges the court to open the default and to order an evidentiary hearing.

1. We find that Perkins failed to carry his burden under OCGA § 9-11-55 (b), to which we refer for guidance.

2. Under Bar Rule 4-103, "[a] finding of a third or subsequent disciplinary infraction . . . shall, in and of itself, constitute discretionary grounds for suspension or disbarment."

In 1980 and in 1981 Perkins received private and public reprimands for similar conduct, with the express warning that future viola-

tions would jeopardize his standing at the bar. This proceeding consists, not of one, but of three complaints.

3. We approve the recommendation of the State Disciplinary Board. William D. Perkins is hereby disbarred, and his name stricken from the roll of attorneys.

*All the Justices concur.*

DECIDED NOVEMBER 20, 1985.

*William P. Smith III, General Counsel State Bar, Bridget B. Bagley, Assistant General Counsel State Bar,* for State Bar of Georgia.
*Hylton Dupree, Jr.,* for Perkins.