## IN THE MATTER OF JACK LASONDE.
### (SUPREME COURT DISCIPLINARY No. 682)
(400 SE2d 322)

PER CURIAM.

A formal complaint, alleging violations of Standards 65 and 68 of State Bar Rule 4-102, was filed against Lasonde by the State Bar of Georgia. Lasonde failed to respond and the State Bar filed a motion for findings of fact and conclusions of law by default, which the special master granted. The review panel tabled consideration of the matter because an earlier disciplinary matter involving Lasonde was pending before this court with a recommendation that Lasonde be disbarred.

After Lasonde received a two-year suspension rather than disbarment, *In the Matter of Lasonde,* 259 Ga. 874 (390 SE2d 594) (1990), the review panel then placed this matter on its agenda for consideration at a meeting of April 20, 1990. Before that date, Lasonde delivered to State Bar headquarters a motion to set aside default, a motion for confidentiality, and a proposed answer. He also requested that the panel allow him to file his answer and submit other evidence of an impairment that he alleged was a mitigating factor.

The review panel adopted the findings of fact and conclusions of law of the special master and recommended that Lasonde be disbarred from the practice of law.

The review panel tabled consideration of this complaint during pendency of the other matter. It is reasonable to assume that Lasonde responded accordingly. We conclude that the case should be heard in accordance with "the policy of reaching the merits of a controversy." *Felton Pearson Co. v. Nelson,* 260 Ga. 513, 515 (397 SE2d 431) (1990).

*Case remanded to special master for opening of default. All the Justices concur, except Fletcher, J., who dissents.*

FLETCHER, Justice, dissenting.

Because I find no justifiable excuse for Lasonde's failure to respond to the notification that a complaint had been lodged against him with the State Bar and to the formal complaint filed against him by the State Bar, I respectfully dissent from the majority's opinion.

Prior to January 20, 1989, respondent was formally notified that a complaint had been lodged against him with the State Bar. Respondent did not respond to the notice although response thereto is required by Bar Rule 4-204.3. On January 20, 1989, the Investigative Panel of the State Disciplinary Board found that there was probable cause to charge respondent with violating various standards of Bar Rule 4-102 and ordered that a formal complaint be prepared and filed against him. In February of 1989, a petition for appointment of a special master was filed with this court.

Although service was difficult to perfect, the formal complaint was served upon respondent in May of 1989. No response had been made by respondent as of July 17, 1989 when the State Bar filed a motion for findings of fact and conclusions of law by default. Not even the filing of such default motion prompted respondent to make any response to the formal complaint. On October 23, 1989, the special master entered his findings of fact and conclusions of law whereby he concluded that respondent had violated the standards as alleged.

It appears that only after our February 22, 1990 decision in *In the Matter of Lasonde*, 259 Ga. 874 (390 SE2d 594) (1990),[1] did respondent finally make an attempt to respond to the present action. The majority finds it reasonable to assume that respondent failed to respond in the present action only because the review panel had tabled consideration of the matter during the pendency of this court's consideration of the previous disciplinary matter involving respondent. I respectfully submit that such assumption misses the mark.

Respondent has completely ignored the system throughout the entire disciplinary process. He failed to respond in any fashion for more than 12 months and since the Review Panel's report in the present matter was filed in this court, with notice to respondent, respondent has made no filing in this court.

If an attorney handles his own business in the manner that respondent has handled the present disciplinary action, knowing that the same can result in his disbarment, how can we rely on him to properly attend the business of his unsuspecting clients, for whose benefit the Standards of Conduct were promulgated? It is my opinion

---

[1] Respondent also failed to respond in the previous disciplinary matter until after default and after the Review Panel's recommendation in that matter had been filed with this court. His pattern of neglect remains consistent.

that respondent has forfeited his privilege to practice law in Georgia and should be disbarred as was recommended by the Review Panel. I therefore respectfully dissent to the remand.

DECIDED FEBRUARY 7, 1991 —
RECONSIDERATION DENIED FEBRUARY 27, 1991.

*William P. Smith III, General Counsel State Bar, Paula J. Frederick, Assistant General Counsel State Bar,* for State Bar of Georgia.