# IN THE MATTER OF JACK LASONDE.
## (Supreme Court Disciplinary No. 682)
### (424 SE2d 621)

Per curiam.

In June 1988, Respondent, an attorney licensed to practice law in the State of Georgia, tendered a check drawn on his escrow account to the DeKalb County Tax Commissioner for payment of ad valorem property taxes owed by his estranged wife. When the bank dishonored this check, the Tax Commissioner notified the State Bar which initiated a Memorandum of Grievance against Respondent. Respondent failed to respond to any of the inquiries of the Investigative Panel, and in January 1989, the Investigative Panel of the State Bar found probable cause to charge Respondent with violation of Standards 4, 65 and 68 of Bar Rule 4-102.[1]

The Bar filed a formal complaint against Respondent on February 22, 1989, and served him by registered mail on May 17, 1989. Respondent did not file an answer to these proceedings and the State Bar moved for a finding of default in July 1989. In October 1989, the special master granted the Bar's motion for default. The special master's report was sent to the review panel of the State Disciplinary Board which tabled the matter because Respondent had another disciplinary action pending before this court in which the review panel had recommended that Respondent be disbarred.

When this court issued its opinion suspending Respondent from the practice of law for two years rather than accepting the recommended punishment of disbarment, see *In the Matter of Jack Lasonde*, 259 Ga. 874 (390 SE2d 594) (1990), the review panel placed this matter on its agenda for April 20, 1990. Prior to that date Respondent submitted to the review panel, inter alia, a motion to set aside the default and a "proposed answer" to the formal complaint. The review panel adopted the findings of the special master and recommended that Respondent be disbarred.

Because the review panel tabled consideration of this matter during pendency of the other disciplinary action against Respondent, this court remanded the case to the special master to open the default and allow the Respondent to present his defenses to the charges against him. *In the Matter of Jack Lasonde*, 260 Ga. 843 (400 SE2d 322) (1991). On the day of the hearing Respondent filed with the special master another copy of the "proposed" answer he had previously filed, and also filed a motion for a jury trial which the special master found to be untimely. Following this hearing the special master entered an order recommending that Respondent be disbarred from the

---

[1] During the hearing on this matter, the State Bar stated that it was not pursuing the charge of violation of Standard 4.

practice of law in Georgia. The review panel of the State Disciplinary Board adopted the recommendation of the special master and recommends to this court that Respondent be disbarred.

1. The record shows that Respondent's escrow account was overdrawn on several occasions; that he had no records of his escrow account; and that he could not explain checks drawn on his escrow account to Southern Bell, Home Depot, or to "Flip's." See State Bar Rule 4-102, Standard 65. The record further shows that this is Respondent's third infraction of the State Bar Rules, which is itself a ground for disbarment. Bar Rule 4-103. We therefore adopt the recommendation of the review panel that Respondent be disbarred from the practice of law in this State.

2. We further conclude that the special master was correct in finding that Respondent was not entitled to a jury trial. State Bar Rule 4-214, amended January 1, 1991, provides for the procedure to request a jury trial in a disciplinary action. The Bar and Respondent are in disagreement as to whether the old rule or amended rule apply to this case. However, we find it unnecessary to determine whether the old or amended rule applies as we conclude that Respondent is not entitled to a jury trial under either version of the rule.

If the former version of Bar Rule 4-214 applies, Respondent's motion for a jury trial was untimely as it was not filed at or before the time the answer to the formal complaint was due. Contrary to Respondent's assertion, our order of remand in this case did not require the Bar to initiate another formal complaint against him which would trigger an additional time frame in which he could request a jury trial. We note that Respondent was silent on the issue of a jury trial from the date the formal complaint was filed against him in February 1989 until the date of the hearing before the special master on March 5, 1992.

If the amended version of State Bar Rule 4-214 applies, Respondent failed to comply with its provisions by petitioning this court for a jury trial.

3. Last, we conclude that the procedures used by the special master and the State Bar did not violate this court's order of remand. We hereby order that Jack Lasonde be disbarred from the practice of law in the State of Georgia, and that his name be stricken from the roll of attorneys.

*Clarke, C. J., Hunt, P. J., Benham, Fletcher, Sears-Collins and Hunstein, JJ., concur.*

DECIDED JANUARY 8, 1993 —
RECONSIDERATION DENIED FEBRUARY 5, 1993.

*William P. Smith III, General Counsel State Bar, Paula J.*

*Frederick, Assistant General Counsel State Bar,* for State Bar of Georgia.

*Antonia L. Thomas,* for Lasonde.