S95Y1230. IN THE MATTER OF ALFRED J. TURK III.

(457 SE2d 674)

PER CURIAM.

In 1991, Alfred J. Turk received an Investigative Panel Reprimand for violations of State Bar Rule 4-102 (d), Standards 4 (conduct involving dishonesty, fraud, deceit, or wilful misrepresentation), 22 (withdrawal from employment), and 44 (wilful abandonment of a legal matter). In 1992, Turk again received an Investigative Panel Reprimand for violations of Standards 22 and 44. The instant disciplinary proceedings arise from three separate formal complaints charging him with violations of Standards 22, 23 (prompt refund of unearned fees after withdrawal from employment), 44, and 68 (failure to respond to disciplinary authorities). The special master found that Turk committed the violations and recommended that he be disbarred. The review panel likewise found that Turk committed the violations, but, concluding that disbarment would be "extreme," recommended that he be suspended for a six-month period with his reinstatement conditioned upon the repayment of unearned fees to the three clients whom he wilfully abandoned and the prompt return of their papers and property. The State Bar has filed exceptions to the report of the review panel, urging that Turk be disbarred.

A violation of Standard 44 may be punished by disbarment. This proceeding has resulted in a finding that Turk violated that standard, as well as others, on three separate occasions. Moreover, he has received two prior Investigative Panel Reprimands for violating Standard 44, as well as others. Under State Bar Rule 4-103, "[a] finding of a third or subsequent disciplinary infraction . . . shall, in and of itself, constitute discretionary grounds for suspension or disbarment." Having reviewed the record, we accept the review panel's conclusion that disbarment would be "extreme," but reject as too lenient the review panel's recommendation of a six-month suspension. Turk's history of failing to comply with ethical standards warrants suspension for a longer period. Accordingly, he is hereby suspended for a one-year period with his reinstatement conditioned upon the repayment of unearned fees to the three clients whom he wilfully abandoned and the prompt return of their papers and property. Turk is further ordered to comply with State Bar Rule 4-219 (c).

*Suspended. All the Justices concur, except Hunstein, J., who dissents.*

HUNSTEIN, Justice, dissenting.

In view of Turk's repeated violations of State Bar Rule 4-102 (d) and in particular, Standards 22 and 44, I dissent to the majority's suspension of Turk for a period of one year. I would instead follow the recommendation of the special master and enter an order disbarring Turk from the practice of law in Georgia.

DECIDED JUNE 5, 1995.

*William P. Smith III, General Counsel State Bar, Cynthia C. Hinrichs, Assistant General Counsel State Bar,* for State Bar of Georgia.