## S96Y0673. IN THE MATTER OF ALFRED J. TURK III.
### (471 SE2d 842)

PER CURIAM.

The State Bar filed a complaint against Alfred J. Turk III, alleging his violation of the following standards of Bar Rule 4-102: Standard 22 (improper withdrawal from employment); Standard 23 (failure to make prompt refund of unearned fees upon withdrawal from employment); and, Standard 44 (wilful abandonment of a legal matter). The complaint was served personally and it specifically notified Turk of his obligation to file a response within 30 days. However, Turk did not file any response for 49 days. Moreover, he neither sought an extension of time to file his answer pursuant to Bar Rule 4-212 (a) nor filed a motion to set aside his default. Following a hearing at which Turk appeared, the special master found him to be in default. The review panel agreed with the special master's findings of fact, but concluded that Turk's explanations for his default, although "not powerfully compelling," were sufficient to establish a "proper case" for opening default under OCGA § 9-11-55 (b). We do not agree with the review panel that the circumstances present a "proper case" for opening Turk's default and, based upon the violations established by default in this case, as well as Turk's history and pattern of disciplinary infractions, we order him disbarred from the practice of law in this state.

1. OCGA § 9-11-55 (b) applies in disciplinary proceedings. See *In the Matter of Perkins*, 255 Ga. 176 (336 SE2d 254) (1985); Bar Rule 4-221 (e) (2). Thus, in order to authorize the opening of Turk's default, he must show "providential cause," "excusable neglect" or a "proper case." Turk does not rely upon the ground of "providential cause," but urges that the circumstances establish either the "excusable neglect" or the "proper case" ground for opening his default. He offers the following as factors contributing to his failure to answer: personal problems; numerous office moves resulting in disruption of his mail

service; improper calendaring of the response date; misunderstanding of the bar rules; and, his preoccupation with a prior disciplinary proceeding. However, there is no merit whatsoever in Turk's claim that the Bar Rules regarding the answer to a formal complaint are vague and, as noted by the special master, his other explanations do not establish a reasonable excuse for failing to answer, such as would authorize opening the default for "excusable neglect." See *Womack Indus. v. Tifton-Tift County Airport Auth.*, 199 Ga. App. 237 (2) (404 SE2d 618) (1991) (mistaken belief that a transfer to the proper venue is a dismissal does not constitute excusable neglect); *U. S. Xpress v. W. Timothy Askew & Co.*, 194 Ga. App. 730 (391 SE2d 707) (1990) (the mere press of business in an attorney's office does not constitute excusable neglect).

The "proper case" ground is broader than that of "excusable neglect," but it is not so broad as to authorize the opening of a default for any reason whatsoever. Its purpose is to permit the "reaching out . . . in every conceivable case where injustice might result if the default were not opened." *Axelroad v. Preston*, 232 Ga. 836, 837 (1) (209 SE2d 178) (1974). Under OCGA § 9-11-55 (b), the determination of whether a "proper case" exists is a matter within the trial court's discretion. Because of our inherent and exclusive power to regulate the practice of law, it is this Court that must exercise the ultimate discretion in disciplinary proceedings. See *Scanlon v. State Bar of Ga.*, 264 Ga. 251, 252 (443 SE2d 830) (1994). Cf. *In the Matter of Lasonde*, 260 Ga. 843 (400 SE2d 322) (1991).

In determining whether this is a "proper case," we note, as did the special master, that, although Turk alleged a disruption in the service of his mail as a contributing factor in his default, the complaint was served personally on him and clearly stated his obligation to answer within 30 days. After service, but prior to default, Turk took the time to visit the complainant in an effort to resolve the claim, but he did not take the time to seek an extension of time within which to file his answer. We agree with the special master that this indicates an election on the part of Turk to seek resolution outside the process established by the Bar Rules. Furthermore, during the relevant time period, Turk was actively practicing law and not incapacitated in any way, but he still filed no response until the hearing and he never filed a motion to open default.

Under the foregoing circumstances, this is simply not a case where "injustice might result if the default were not opened." Compare *In the Matter of Lasonde*, supra. Indeed, Turk's default in this case is similar to and consistent with his previous violations involving his clients. See Division 2. If this were a "proper case" for opening default, then few, if any, cases would fail to qualify for that relief. Considering Turk's history of infractions and the allegations at issue

in this proceeding, the delay occasioned by allowing his default to be opened would pose a potential risk of harm to the public which is both unnecessary and unauthorized. Accordingly, as did the special master, we decline to allow Turk to open his default.

2. In this disciplinary proceeding, Turk abandoned several legal matters entrusted to him and failed to communicate with his client. These actions on his part are markedly similar to those which resulted in prior disciplinary proceedings being brought against him. We recently suspended Turk for one year for violations of Standards 22, 23, and 44, and noted two prior sanctions against him for similar conduct. *In the Matter of Turk*, 265 Ga. 447 (457 SE2d 674) (1995). In 1991, Turk received an Investigative Panel Reprimand for violations of Standards 4 (conduct involving dishonesty, fraud, deceit, or wilful misrepresentation), 22 and 44. In 1992, Turk again received an Investigative Panel Reprimand for violations of Standards 22 and 44. Violations of Standard 44 authorize disbarment. Furthermore, under Bar Rule 4-103, a finding of a third or subsequent disciplinary infraction under the Bar Rules shall, in and of itself, constitute grounds for suspension or disbarment. In light of Turk's repeated violations of Bar Rule 4-102 (d), and, in particular, Standards 22 and 44, we consider disbarment the only appropriate sanction in this case. This is consistent with ABA Standards, which recommend disbarment when a lawyer engages in a pattern of neglect with respect to client matters, causing serious or potentially serious injury to a client.

Accordingly, it is hereby ordered that Turk be disbarred from the practice of law in Georgia, and that his name be removed from the roll of attorneys licensed to practice law in Georgia. Turk is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED JUNE 17, 1996 —
RECONSIDERATION DENIED JULY 12, 1996.

*William P. Smith III*, General Counsel State Bar, *Marie L. McCarthy*, Assistant General Counsel State Bar, for State Bar of Georgia.