S96Y1735. IN THE MATTER OF FREDRICK J. HENLEY, JR.
(478 SE2d 134)

PER CURIAM.

This disciplinary matter concerns the appropriate sanction for violations of Standard 30 of Bar Rule 4-102 (d), involving an attorney's representation of a client where the attorney has a financial or personal interest which may reasonably affect his professional judgment, where the client is a close friend of the attorney and does not object to the attorney's conduct. We hold that the client's relationship to the attorney and lack of objection to the attorney's conduct are not mitigating factors, and that, under the circumstances of this case, including the attorney's violation of Standard 40, by accepting compensation for legal services from one other than his client, a suspension of 90 days is the appropriate sanction.

The underlying facts are undisputed. From the fall of 1992 until early 1993, Respondent, Fredrick J. Henley, Jr., represented Todd Kelly, a 1992 member of the University of Tennessee football team and a 1993 first round draft choice for a National Football League team. In this same time period, Henley entered into an agreement with Bienstock Sports in New York whereby Henley would assist Bienstock in recruiting Kelly as its client. Under the agreement, if Kelly became a client of Bienstock Henley would receive one-third of any commissions paid by Kelly to Bienstock. Bienstock gave Henley $5,000 in expenses and loaned him an additional $25,000. Following Henley's successful recruitment of Kelly, Bienstock sent Henley a statement crediting him for the kickback on Kelly's commission payment and deducting the amount Henley owed Bienstock in loans.

Based on the foregoing, the State Bar filed a formal complaint

against Henley charging him with violations of various professional standards under Bar Rule 4-102 (d), including Standard 30 (representing a client where the attorney has a financial interest, without fully disclosing that interest, and obtaining written consent or giving written notice),[1] and Standard 40 (accepting compensation for legal service from one other than the client without the client's consent after full disclosure).[2] In addition, the State Bar alleged Henley violated Standards 33, 35, 36, and 37, involving an attorney's business transactions with a client and representation of multiple clients by an attorney.[3]

Both parties filed various motions on which the special master ruled. Ultimately, however, the special master struck Henley's answer to the State Bar's complaint as a sanction for Henley's failure to respond to the State Bar's discovery requests.[4] Thereafter, in his report, the special master found Henley violated all standards as alleged by the State Bar and recommended Henley be disbarred. The review panel agreed with the special master that Henley violated Standards 30 and 40, but disagreed that Henley violated any of the other standards charged by the State Bar. The review panel also dis-

---

[1] Standard 30 of Bar Rule 4-102 (d) provides:
Except with the written consent or written notice to his client after full disclosure a lawyer shall not accept or continue employment if the exercise of his professional judgment on behalf of his client will be or reasonably may be affected by his own financial, business, property or personal interest.

[2] Standard 40 of Bar Rule 4-102 (d) provides:
Except with the consent of his client after full disclosure, a lawyer shall not:
(a) accept compensation for his legal services from one other than his client or the client's representative;
(b) accept from one other than his client or the client's representative anything of value related to his representation of or his employment by his client.

[3] The State Bar also charged Henley with violating Standards 3 and 4 (illegal professional conduct involving moral turpitude and professional conduct involving dishonesty, fraud, deceit or wilful misrepresentation) for failing to register as an agent under the Georgia Athletic Agent Regulatory Act of 1988. Although the special master granted the State Bar judgment by default against Henley regarding these standards, the review panel agreed with Henley that the Act applies to student athletes attending post-secondary institutions in Georgia, and does not apply in this case. The State Bar does not except to the review panel's findings and conclusions regarding these standards, and we do not address them.

[4] The State Bar served Henley with discovery requests simultaneously with the complaint. Although Henley filed a timely answer, he failed to file timely responses to the discovery requests. Both parties filed motions for partial summary judgment and Henley filed a motion to quash discovery and for a protective order. The special master denied Henley's motion for partial summary judgment and granted in part that of the State Bar regarding the allegations that Henley violated Standards 35, 36, 37, and 40. In a separate order, the special master denied Henley's motion to quash discovery, and for a protective order, and ordered Henley to comply with the State Bar's discovery requests. Subsequently, on the State Bar's motion following Henley's failure to respond to the State Bar's discovery, the special master struck Henley's answer as a sanction under OCGA § 9-11-37 (b) (2) (C). The special master was authorized to strike Henley's answer under these circumstances. See *Schrembs v. Atlanta Classic Cars*, 261 Ga. 182 (402 SE2d 723) (1991).

agreed with the special master's recommendation of disbarment, and recommended that Henley be given a public reprimand. In support of this recommendation the review panel noted, as mitigating factors, that this appeared to be an isolated incident resulting from the friendship between Henley and his client, that the client was not harmed, and that Henley was a relatively recent member of the State Bar.

We agree with the review panel that this disciplinary matter concerns Henley's violations of Standards 30 and 40.[5] We disagree, however, with the review panel's assessment of the severity of Henley's conduct in this case, and of the mitigating and aggravating factors involved, as well as its recommendation of the appropriate sanction.

The record[6] shows Henley violated Standard 30 by failing to give Kelly written notice of the full extent of Henley's own financial interest in Bienstock Sports' obtaining Kelly as its client, or obtaining Kelly's written consent to Henley's representation notwithstanding Henley's financial interests. We find unpersuasive Henley's contention that no discipline is appropriate because his client requested

---

[5] As noted above, in footnote 3, while it appears the Georgia Athletic Agent Regulatory Act of 1988 does not apply here, as Kelly did not attend a post-secondary educational institution in Georgia, because the State Bar does not except to the review panel's conclusions that Henley did not violate Standards 3 and 4 by failing to comply with the Act, we do not address the merits of the State Bar's allegations that Henley violated these standards.

The State Bar does, however, except to the review panel's findings and conclusions that Henley did not violate Standards 33, 35, 36, and 37. We agree with the review panel that these standards are not involved in this case. Standard 33 precludes an attorney's entering into a business transaction with a client where the attorney has differing interests from the client. While Henley may have had differing interests from his client, Kelly, he was not, under the facts in the record, engaged in a business transaction with him. Nor are Standards 35, 36, and 37 implicated in this case. Those standards involve an attorney's representation of multiple clients where his representation of one client will be or is likely to be adversely affected by his representation of another. The only attorney-client relationship in this case is that between Henley and Kelly. The State Bar does not allege, and the record does not support, any finding that Henley acted as an attorney for Bienstock Sports. The professional violations in this case involve Henley's representation of his client in light of the apparent and inherent conflict between his personal interest and that of his client. These violations do not fall within Standards 33, 35, 36, or 37.

[6] We find no merit to Henley's contention that he was deprived of any constitutional rights or that the special master or review panel lacked jurisdiction over him because an evidentiary hearing was not held within 90 days of Henley's response as required by Bar Rule 4-213 (a). Although the special master did not issue an order extending the time for a hearing, the State Bar filed a request for such an extension. Both parties, by filing various motions and pleadings (including requests by Henley for extensions of time in which to file responses) outside of the 90-day period, acquiesced in an extension. Nor was Henley deprived of any rights based on the lack of an evidentiary hearing in this case. As noted above in footnote 4, the special master was authorized to strike Henley's response pursuant to OCGA § 9-11-37 (b) (2) (C) for failure to comply with his earlier order requiring Henley to respond to the State Bar's discovery requests. Most significantly, Henley does not contest the facts which show his violations of Standards 30 and 40.

that Henley represent him, and was aware of the loans and expenses provided by Bienstock Sports to Henley. There is no evidence that Henley disclosed the kickback arrangement between him and Bienstock Sports which is the very essence of Henley's conflict in this case. Neither is there evidence of either written notice to Kelly, nor written consent by Kelly following Henley's full disclosure of his financial interest as required by Standard 30. These requirements are not mere formalities. Rather, they are crucial safeguards. A lawyer's representation of a client where the lawyer has a financial or personal interest which will or reasonably may affect the lawyer's professional judgment illustrates one of the most blatant appearances of impropriety. The requirements of full disclosure and written notice to or consent from the client are intended to insure to some extent both that a client will receive professional legal services, and that a lawyer may be protected should he or she choose the risky course of representing a client despite the lawyer's potentially conflicting personal or financial interest. By failing to meet these requirements, Henley violated Standard 30. Likewise, Henley violated Standard 40, precluding a lawyer's acceptance of compensation or anything of value from one other than the client relating to the representation of the client, without obtaining the client's consent after the lawyer's full disclosure.[7]

We next turn to the appropriate discipline to impose, and in doing so we are guided by the American Bar Association Standards for Imposing Lawyer Sanctions (1991). See *In the Matter of Jack O. Morse*, 265 Ga. 353 (456 SE2d 52) (1995). In mitigation we note that at the time of the conduct involved in this disciplinary matter, Henley was a relatively recent member of the State Bar, having been admitted to practice in 1990. While not a mitigating factor per se, we note that the client states he was not harmed by Henley's conduct. Contrary to Henley's arguments, the fact that the client is a close friend of Henley's and does not object to Henley's conduct does not negate Henley's violations of professional standards. In aggravation, we note that Henley has been previously disciplined and suspended from the practice of law, for failing to provide discovery to the Bar in another proceeding. In this proceeding also, Henley has obstructed the disciplinary proceedings by intentionally failing to comply with the special master's order on discovery, resulting in the sanction of striking his answer. See ABA Standard 9.22 (a) and (e). Further, Henley has consistently refused to acknowledge the wrongful nature of his conduct. See ABA Standard 9.22 (g). In light of Henley's viola-

---

[7] While there is evidence Kelly was aware of the loans and expenses provided by Bienstock Sports to Henley, there is no indication Henley informed Kelly of the kickback arrangement regarding commissions paid by Kelly to Bienstock.

tions in this matter, and having considered the mitigating and aggravating factors above, a 90-day suspension from the practice of law is appropriate. Accordingly, Henley is hereby suspended from the practice of law in this state for 90 days, and reminded of his duties under Bar Rule 4-219 (c), to notify all clients of his inability to represent them, to take all actions necessary to protect the interests of his clients, and to certify to this Court that he has satisfied the requirements of this rule.

*Ninety-day suspension. All the Justices concur.*

DECIDED DECEMBER 5, 1996.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.