S98Y0253. IN THE MATTER OF ROY L. ALLEN.
(493 SE2d 706)

PER CURIAM.

This disciplinary matter is before the Court on the Petition for Voluntary Discipline filed by the Respondent, Roy L. Allen, in which he requests that he be allowed to voluntarily surrender his license to practice law. The State Bar recommends the Court accept Allen's petition and we agree.

Allen admits violating Standard 65 (A) (commingling client funds with those of the attorney and failure to account for trust property held in a fiduciary capacity) of Bar Rule 4-102 (d) on two occasions. First, Allen admits he was retained by a client to handle a probate matter in June 1996. Shortly thereafter, he secured a recovery for the client and received a check representing the proceeds due. However, Allen failed to account to the client for the $115,054.96 he received on her behalf and, to date, has failed to pay her the money owed. Second, Allen admits he received a check from NationsBank in the amount of $155,000 to fund a real estate closing for another client. This check was negligently deposited into Allen's firm's operating account rather than his firm's escrow account. Although Allen admits NationsBank is due $133,134.33, which represents the amount due as payoff on the client's existing loan, he has not paid NationsBank the money and has failed to account for these fiduciary funds.

Standard 4.11 of the ABA Standards for Imposing Lawyer Sanctions provides that disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury to a client. Pursuant to Bar Rule 4-110 (f), Allen's request to surrender his license is considered tantamount to disbarment. After reviewing the record, we agree to accept Allen's Petition for Voluntary Discipline providing for the voluntary surrender of his license to practice law in this state.

We reject, however, Allen's request that this court exercise its discretion and delay the effective date of the voluntary surrender to allow him time to notify his clients and take the other measures required by Bar Rule 4-219 (c). Bar Rule 4-219 (c) (1) provides that upon this court's issuance of a final order of disbarment, a respondent shall immediately cease the practice of law. Allen's petition sets forth no mitigating circumstances to support his request, and it is denied.

The name of Roy L. Allen is hereby removed from the rolls of persons entitled to practice law in the State of Georgia. Allen is reminded of his duties under Bar Rule 4-219 (c) to timely notify all clients of his inability to represent them, to take all actions necessary to protect the interests of his clients, and to certify to this court that he has satisfied the requirements of the rule.

*Voluntary surrender of license accepted. All the Justices concur.*

DECIDED DECEMBER 18, 1997.

*William P. Smith III, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar,* for State Bar of Georgia.

*Morris, Manning & Martin, George E. Hibbs,* for Allen.