S98Y1569. IN THE MATTER OF WALLACE D. WASHINGTON.
(504 SE2d 704)

PER CURIAM.

In this disciplinary proceeding the State Bar seeks and the special master recommends that respondent Wallace D. Washington be disbarred for violating various ethical standards by keeping for himself funds he had collected on behalf of his client. We have reviewed the record and agree that in light of Washington's egregious conduct in this case, his prior disciplinary infractions, and other aggravating factors, disbarment is the appropriate sanction.

The State Bar in its complaint alleged that Washington's client retained him to recover approximately $11,951 seized from the client by a county police department. The client paid Washington $250 in attorney fees. Washington recovered the entire amount on the client's behalf in the form of a check from the department made payable to Washington. Washington negotiated the check, but for several months told his client he had not received the money and he never delivered the money to the client.

The State Bar alleged Washington's conduct violated the following Standards of Bar Rule 4-102: Standard 3 (illegal professional conduct involving moral turpitude); 4 (professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation); 22 (b) (withdrawal from employment without taking reasonable steps to avoid foreseeable damage to the client and without delivering to client all papers and property to which client is entitled); 44 (wilfully abandoning or disregarding a legal matter entrusted to a lawyer); 45 (b) and (e) (knowingly making a false statement of law or fact and knowingly engaging in illegal conduct or conduct contrary to a disciplinary rule); 61 (failing to promptly notify a client of receipt of client funds and failure to promptly deliver those funds); 63 (failure to maintain complete records of client funds and property and to promptly render appropriate accounts); and 65 (A) and (D) (commingling client funds

with that of the attorney and withdrawing trust money for personal use).

Washington filed an answer to the State Bar's complaint but the special master struck it as a sanction for Washington's failure to respond to the State Bar's discovery requests.[1] Accordingly, the special master found the facts as alleged in the State Bar's complaint, agreed that those facts established Washington's violations of the standards alleged in the State Bar's complaint, and recommended disbarment. We note, as did the special master, that disbarment is generally appropriate where, as here, a lawyer converts client property. We also note the various aggravating factors and lack of mitigating factors in this case. First, there is Washington's previous disciplinary matter just a year ago where this Court imposed a public reprimand for Washington's violations of Standards 4 and 45 (b) (engaging in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation, and knowingly making a false statement of law or fact) and 45 (e) (knowingly engaging in illegal conduct or conduct contrary to a disciplinary rule) based on his delivery of a post-dated check on a closed personal account to his client, knowing the client would deliver it to a third party. Additional aggravating factors include his selfish motive, multiple offenses, obstruction of the disciplinary process, refusal to acknowledge the wrongful nature of his conduct and his substantial experience in the practice of law.

Considering the foregoing circumstances of this case, disbarment is the only appropriate sanction. Accordingly, Washington is disbarred from the practice of law in this state. He is reminded of his duties under Bar Rule 4-219 (c) to notify all clients of his inability to represent them, to take all action necessary to protect the interests of his clients, and to certify to this Court that he has satisfied the requirements of this rule.

*Disbarred. All the Justices concur.*

DECIDED SEPTEMBER 21, 1998 —
RECONSIDERATION DENIED OCTOBER 26, 1998.

*William P. Smith III, General Counsel State Bar, Jonathan W.*

---

[1] The State Bar served Washington with a Request for Production of Documents. After Washington failed to produce the documents, the special master issued an order directing him to do so. The special master denied Washington's subsequent motion for a protective order and again ordered Washington to produce the documents. When Washington continued to fail to comply with the State Bar's discovery requests the special master struck his answer as a sanction pursuant to OCGA § 9-11-37 (b) (2) (C). The special master was authorized to impose that severe sanction under the circumstances. See *In the Matter of Henley*, 267 Ga. 366, 367, n. 4 (478 SE2d 134) (1996).

*Hewett, Assistant General Counsel State Bar,* for State Bar of Georgia.