### S99Y1213. IN THE MATTER OF JOSEPH B. ERVIN.
(521 SE2d 561)

PER CURIAM.

The State Bar filed a Formal Complaint against Respondent Joseph B. Ervin alleging violations of Standards 4 (professional con-

---

[10] *Boykin v. Alabama,* 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969).
[11] See Unif. Sup. Ct. R. 33.7-33.9.

duct involving dishonesty, fraud, deceit, or wilful misrepresentation); 45 (f) (instituting, causing to be instituted, or settling a legal proceeding or claim without proper authorization from his client); 61 (failure to promptly notify a client of the receipt of the client's funds, securities or other properties and to promptly deliver such funds, securities or other properties to the client); 63 (failure to maintain complete records of client funds and to promptly render appropriate accounts regarding the funds to the client); 65 (A) (commingling client's funds with his own funds and failure to account for trust property held in a fiduciary capacity); and 68 (failure to respond to disciplinary authorities in accordance with disciplinary rules) of Bar Rule 4-102 (d). Subsequent to an evidentiary hearing, the Review Panel issued its report concluding that Ervin violated, and recommending disbarment for his violations of, Standards 4, 45 (f), 61, 63, and 65 (A) of Bar Rule 4-102 (d). We agree with the Review Panel's recommendation, and further note that although Ervin filed written exceptions to the Review Panel Report, as those exceptions were not timely filed under Bar Rule 4-219 (a), they have not been considered by this Court. Ervin also filed a "Notice Requiring Trial by Jury." However, pursuant to Bar Rule 4-225, jurisdiction over disciplinary proceedings rests solely with this Court. See *Scanlon v. State Bar of Ga.*, 264 Ga. 251 (443 SE2d 830) (1994); *In the Matter of Lasonde*, 262 Ga. 690 (424 SE2d 621) (1993). Although former Bar Rules 4-214, 4-215, and 4-216 previously provided procedures for jury trials in disciplinary actions, those rules were deleted effective June 13, 1997. Consequently, as jury trials are no longer permissible in disciplinary proceedings, Ervin lacks authority to make a jury trial demand.

In the instant case, Ervin was retained by the natural guardian of a minor child to represent the child in a personal injury action in July 1996. In August 1996, Ervin settled the suit without notifying or receiving authorization from the guardian, and in September 1996, received two settlement checks totaling $15,000. One check, for $7,000, was made payable to and endorsed by Ervin. The second check, for $8,000, was made payable to Ervin and the guardian and was endorsed by Ervin's employee. None of the funds were deposited into Ervin's trust account and Ervin failed to render an accounting to the guardian. On January 2, 1997, Ervin wrote a letter to the insurance company representing that the guardian had signed the necessary settlement documents. Subsequent to the insurance company demanding that Ervin either obtain a probate court order approving the settlement or return the $15,000, and more than four months after Ervin received the settlement funds, Ervin sought approval of the Probate Court for the settlement.

On April 7, 1997, the Probate Court conducted a hearing in which Ervin falsely represented to the court that he had deposited

the settlement proceeds into his trust account, and in which the court appointed a replacement guardian for the minor child and ordered Ervin to remit immediately to the new guardian all of the settlement proceeds. On the same day, Ervin delivered a check for $15,000 drawn on his trust account to the new guardian, but there were insufficient funds in the account to cover the check. Based on the above conduct, the special master and Review Panel found that Ervin violated Standards 4, 45 (f), 61, 63, and 65 (A) of Bar Rule 4-102 (d).

We agree with the Review Panel that disbarment is warranted as a result of Ervin's violations of Standards 4, 45 (f), 61, 63, and 65 (A) of Bar Rule 4-102 (d). Accordingly, Ervin is disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED SEPTEMBER 14, 1999 —
RECONSIDERATION DENIED NOVEMBER 16, 1999.

*William P. Smith III, General Counsel State Bar, Elizabeth M. Williamson, Assistant General Counsel State Bar*, for State Bar of Georgia.