S01Y0420, S01Y0421, S01Y0422. IN THE MATTER OF DAVID ANDERSON SWIFT (three cases).

(544 SE2d 114)

PER CURIAM.

These disciplinary matters are before the Court on the Report and Recommendation of the Special Master filed in each of the above cases recommending that respondent David Anderson Swift be disbarred. The special master conducted a hearing on the matters on October 12, 2000. Although Swift agreed to the date of the hearing, he hand-delivered a letter to the State Bar on October 10, 2000, stating that he did not intend to appear at the scheduled hearing. Swift did not appear at the hearing and attempts by the State Bar and special master to contact him were unsuccessful. Subsequent to the filing of the special master's reports on October 17, 2000, Swift failed to request a Review Panel review within 30 days of the filing. Consequently, he has waived his right to file exceptions with or make request for oral argument to this Court pursuant to Bar Rule 4-217 (c). Accordingly, we make the following findings based on the record:

### Case No. S01Y0420

During the month of May 1996, Swift's trust account at Sun-Trust Bank, which was maintained solely for client funds, was overdrawn after a check deposited to the account was returned for insufficient funds. The check, in the amount of $600, was written on Swift's

personal bank account, which did not contain sufficient funds to cover the check due to a garnishment on May 1, 1996. During the same month, Swift wrote 18 checks from the trust account totaling $20,725, all of which were payable either to Swift, to Swift's wife for Swift's benefit, or to David Swift, P.C. Some of the checks were cashed while others were deposited to accounts at other banks, including Swift's payroll account at Fidelity National Bank. None of the checks written were for attorney fees earned by Swift.

Based upon Swift's actions, we find that Swift violated Standards 4 (a lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation); 45 (e) (in his representation of a client, a lawyer shall not knowingly engage in other illegal conduct or conduct contrary to a disciplinary rule); 61 (a lawyer shall promptly notify a client of the receipt of his funds, securities or other properties and shall promptly deliver such funds, securities or other properties to the client); 63 (a lawyer shall maintain complete records of all funds, securities, and other properties of a client coming into possession of the lawyer and promptly render appropriate accounts to his client regarding them); 65 (A) (a lawyer shall not commingle his client's funds with his own, and shall not fail to account for trust property, including money and interest paid on the client's money, if any, held in any fiduciary capacity); and 65 (D) (no personal funds of a lawyer shall ever be deposited in a trust account and no funds shall be withdrawn from such trust account for the personal use of the lawyer maintaining the account except earned attorney fees debited against the account of a specific client and recorded as such) of Bar Rule 4-102 (d).

### Case No. S01Y0421

Swift agreed to represent two clients and their minor children regarding personal injuries they sustained in an automobile accident, and in July 1996, Swift filed suit on their behalf against two defendants. In November 1996, one of the defendants moved for summary judgment and in December 1996, Swift filed a voluntary dismissal without prejudice in the suit without just cause and without informing his clients. In February 1997, Swift falsely told one of his clients that the suit was still pending against both defendants, that the case would continue, and that Swift was still trying to locate one of the defendants for service. In December 1997, the client learned of the dismissal when she discovered it in the court clerk's file. Swift did not refile a suit on behalf of the clients against either defendant and his wilful dismissal of the suit was to the clients' detriment.

Based on Swift's actions, we find that Swift violated Standards 4 and 44 (a lawyer shall not without just cause to the detriment of his

client in effect wilfully abandon or wilfully disregard a legal matter entrusted to him) of Bar Rule 4-102 (d).

## Case No. S01Y0422

In this matter, Swift represented two clients in a personal injury case arising from a May 1997 automobile accident. Swift settled the case in June 1998. In March 1999, Swift received a check in the amount of $4,095 from Safeway Insurance Company for property damage to the car of one of the clients. Although the check was made payable to the client who owned the car, a co-signor on the car loan, the lienholder, and Swift, Swift did not notify any of the other parties that Safeway had delivered the check. Swift subsequently endorsed the check stating that it was with the express permission of the other payees, even though he had not received any such permission. Swift deposited the check into his IOLTA account in April 1999. In June 1999, one of the payees learned that Swift had received the Safeway check, and contacted Swift about the funds. Swift agreed to deliver the funds to him if he would sign Safeway's release. After the payee refused to do so, Swift issued a check from his escrow account for the $4,095 to Safeway Insurance Company and mailed the check to Safeway's lawyers. Based on Swift's actions, we find that Swift violated Standards 4; 45 (b) (a lawyer shall not knowingly make a false statement of law or fact in his representation of a client); 61; 63; and 65 (A) of Bar Rule 4-102 (d).

## Conclusion

A violation of any of the above standards is punishable by disbarment. We find no factors which would tend to mitigate Swift's discipline. In aggravation of Swift's discipline, we note the existence of multiple offenses and conclude that Swift's conduct in each of the above matters, when considered in conjunction with the other disciplinary actions, mandates his disbarment. See *In the Matter of Ervin*, 271 Ga. 707 (521 SE2d 561) (1999); *In the Matter of Washington*, 270 Ga. 60 (504 SE2d 704) (1998); *In the Matter of Finley*, 268 Ga. 251 (488 SE2d 74) (1997). Accordingly, Swift hereby is disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED MARCH 2, 2001.

*William P. Smith III, General Counsel State Bar, Jenny K. Mit-*

*telman, Assistant General Counsel State Bar*, for State Bar of Georgia.