S04Y0668. IN THE MATTER OF DIETRICH W. OELLERICH, JR.

(596 SE2d 156)

PER CURIAM.

In this disciplinary proceeding, the State Bar filed a formal complaint against Dietrich W. Oellerich, Jr., alleging that he violated

Standard 30 of former Bar Rule 4-102 (d). The special master granted summary judgment in favor of the State Bar, and recommended that Oellerich be suspended from the practice of law. The Review Panel of the State Disciplinary Board adopted the special master's findings of fact and conclusions of law, but recommended disbarment as the appropriate sanction. The Report and Recommendation of the Review Panel is now before this Court for our consideration.

At issue are actions undertaken by Oellerich during his legal representation of the executor of an estate. In 1994, the estate loaned $120,000 to Southern Joy, a statutory close corporation in which Oellerich was the sole shareholder. The loan, which represented approximately one-third of the estate's total assets, was evidenced by a promissory note, executed by Oellerich's wife in her capacity as president and chief executive officer of Southern Joy. The instrument contained terms very favorable to the corporation and, at Oellerich's insistence, was not secured by any property or personal guaranty. Ultimately, Southern Joy defaulted on the note. In 1998, Oellerich filed for bankruptcy protection, and listed the loan to Southern Joy as an unsecured debt. In 2000, the debt evidenced by the note was discharged in the bankruptcy proceedings.

Standard 30 of former Bar Rule 4-102 (d) provides that,

> [e]xcept with the written consent or written notice to his client after full disclosure a lawyer shall not accept or continue employment if the exercise of his professional judgment on behalf of his client will be or reasonably may be affected by his own financial, business, property or personal interests.

By using the estate as a source of funds for the loan to Southern Joy, Oellerich clearly engaged in a transaction wherein his professional judgment on behalf of the executor was or reasonably could have been affected by his own personal, financial, property or professional interests. In his defense, Oellerich contends that the executor's signature on the loan check from the estate to Southern Joy, coupled with the acceptance of the corporate promissory note, constitutes the client's requisite written consent to the potential conflict.

We have held that the requirements of Standard 30 of former Bar Rule 4-102 (d)

> are not mere formalities. Rather, they are crucial safeguards. A lawyer's representation of a client where the lawyer has a financial or personal interest which will or reasonably may affect the lawyer's professional judgment illustrates one of the most blatant appearances of impropriety. The requirements of full disclosure and written notice to or consent from

the client are intended to insure to some extent both that a client will receive professional legal services, and that a lawyer may be protected should he or she choose the risky course of representing a client despite the lawyer's potentially conflicting personal or financial interest.

*In the Matter of Henley*, 267 Ga. 366, 369 (478 SE2d 134) (1996). Thus, in order to comport with the letter and spirit of Standard 30, the written notice or written consent must be clear enough to evidence to an objective third party that the client has consented to the legal representation despite the disclosure of a conflict of interest. Such informed consent cannot be shown by a mere signature on a check or promissory note. The existence of the potential conflict must itself be expressed in writing, and the mere client's signature on a document which does not make that disclosure will not suffice under Standard 30. Here, the record does not reveal any genuine issue of material fact as to the existence of either written notice to the client or written consent to the conflict from the client following Oellerich's full disclosure. Thus, the State Bar's motion for summary judgment was properly granted on the issue of Oellerich's violation of Standard 30. See *In the Matter of Henley*, supra.

Oellerich further asserts that the entire proceeding is barred by the four-year statute of limitations established by Bar Rule 4-222 (a). However, we need not determine the merits of this contention, because he waived the statute of limitations as an affirmative defense by failing to raise it either in his answer to the formal complaint or at any time prior to the entry of summary judgment. See *Owens v. Owens*, 248 Ga. 720, 722 (3) (286 SE2d 25) (1982). Oellerich also contends that certain findings made by the bankruptcy court are res judicata. However, even assuming that the principle of res judicata can ever have any application in the context of a disciplinary proceeding, the bankruptcy court did not make any finding as to whether Oellerich complied with Standard 30 by obtaining written consent from, or provided written notice to, the executor prior to continuing to serve as counsel. Therefore, res judicata obviously is not applicable here. Oellerich's remaining exceptions have been considered, and are likewise found to be without merit.

With regard to the appropriate sanction, the mitigating factors include the fact that Oellerich has no prior disciplinary record, that he has been cooperative in this disciplinary proceeding, and that he has a good character and reputation. The aggravating factors are that he refuses to acknowledge the wrongful nature of his conduct and that he has been indifferent about making restitution to the estate. After considering and balancing all of the factors, we conclude, as did the Review Panel, that the facts support the imposition of the

ultimate sanction of disbarment. Accordingly, it is hereby ordered that Oellerich be disbarred from the practice of law in Georgia. Furthermore, prior to submitting any petition for reinstatement, he shall make full restitution to the estate of all moneys loaned to Southern Joy. See *In the Matter of Woodall*, 273 Ga. 412, 418 (541 SE2d 649) (2001). In the meantime, Oellerich is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED MAY 3, 2004 —
RECONSIDERATION DENIED JUNE 4, 2004.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.