### S04Y0978. IN THE MATTER OF WILLIAM S. SHELFER.
(597 SE2d 365)

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendation of the Review Panel finding that Respondent William S. Shelfer violated Standards 4 and 65 of Bar Rule 4-102 (d), as well as Rules 1.15 and 8.4 of the Georgia Rules of Professional Conduct found at Bar Rule 4-102 (d). The Review Panel recommends that Shelfer receive a one-year suspension with conditions for reinstatement. This Court recognizes that such violations may support the sanction of disbarment. However, this Court agrees with the Review Panel that, based on the findings of the special master, certain mitigating factors justify the imposition of a lesser sanction and concludes that a two-year suspension is appropriate in this case.

Respondent, who acknowledged service of the Formal Complaint, filed a response which essentially admitted the allegations contained therein. Although Respondent did not oppose the State Bar's motion for summary judgment, he requested, and was given, a mitigation hearing by the special master. The record shows that Respondent drafted a will on behalf of a client which will named him as executor of her estate. After the client died in November 1998, Respondent was appointed executor and began gathering the assets. Respondent opened a bank account on behalf of the estate and, from October 1999 through September 2001, wrote checks from the account for his personal benefit and in excess of what he was entitled to receive as executor's fees. The total amount of funds Respondent used for his personal benefit and without authorization exceeded $100,000. From March 1999 through September 2001, Respondent failed to provide the estate's primary beneficiary with any information about the status of the estate despite her repeated requests and failed to provide a full accounting of the funds he held in a fiduciary capacity. Only after the beneficiary obtained an attorney and filed a grievance against him did Respondent resign as executor of the estate in November 2001.

Upon review of the record, we agree with the review panel and the special master that Respondent's actions violated Standards 4

and 65, and Bar Rules 1.15 and 8.4. However, we conclude that a two-year suspension from the practice of law is the most appropriate sanction in this case in light of the mitigating circumstances found by the special master, which include the fact that he has made complete restitution to the client, the absence of a prior disciplinary record during his three and a half decades of practice, his personal and emotional problems, his full and free disclosure to the disciplinary board and cooperative attitude toward the proceedings, his character and reputation, his physical and mental disability or impairment, his interim rehabilitation, and his remorse. See *In the Matter of Cheryl S. Champion*, 275 Ga. 140 (562 SE2d 179) (2002); *In the Matter of Christopher L. Weems*, 270 Ga. 145 (507 SE2d 736) (1998); *In the Matter of Barry W. Bishop*, 268 Ga. 879 (494 SE2d 334) (1998); *In the Matter of Thomas P. deRosay*, 268 Ga. 868 (494 SE2d 339) (1998). We stipulate, however, that in order for Respondent to be eligible for readmission to the practice of law in Georgia following his two-year suspension, he must successfully participate in the State Bar of Georgia Lawyer Assistance Program, as certified to the State Bar by the State Director of such program.

Accordingly, Respondent William S. Shelfer hereby is suspended from the practice of law for a period of two years from the date of this opinion. He is reminded of his duties under Bar Rule 4-219 (c).

*Two year suspension with conditions. All the Justices concur, except Hunstein and Thompson, JJ., who dissent.*

THOMPSON, Justice, dissenting.

I cannot agree with the conclusion reached by the majority that the appropriate level of discipline in this case is a two-year suspension. As the facts as set out in the majority opinion show, Respondent was an experienced attorney who, despite being familiar with the constraints on dealing with trust funds, wrote numerous checks to himself (totaling more than $100,000) from a client's trust fund over a period of two years for his own personal and business expenses without disclosing his actions to the client. Throughout that time, Respondent ignored repeated requests from the beneficiary of the estate for information as to the status of the estate and he refused to provide an accounting of the funds he held in his capacity as a fiduciary. Clearly, a dishonest or selfish motive is established by these facts which, in and of themselves, are sufficient to justify disbarment. See *In the Matter of David A. Swift*, 273 Ga. 539 (544 SE2d 114) (2001); *In the Matter of Wallace D. Washington*, 270 Ga. 60 (504 SE2d 704) (1998); *In the Matter of Roy L. Allen*, 268 Ga. 752 (493 SE2d 706) (1997) (voluntary surrender). Given the large amount of money involved in this case, the fact that Respondent's misappropriations continued over a two-year period, his selfish motive, his persistent

refusal to account for his actions thereby forcing his client to retain another attorney and file a grievance, and his substantial experience in the practice of law, I believe that the aggravating factors outweigh the factors in mitigation and that the appropriate level of punishment is disbarment.

I am authorized to state that Justice Hunstein joins in this dissent.

DECIDED JUNE 7, 2004.

*William P. Smith III, General Counsel State Bar, Elizabeth M. Williamson, Assistant General Counsel State Bar*, for State Bar of Georgia.

*James E. Spence, Jr.*, for Shelfer.