In the Supreme Court of Georgia

Decided: May 23, 2016

S16Z1234.  IN THE MATTER OF WALLACE WASHINGTON.

PER CURIAM.

This matter is before the Court on the Application for Certification of Fitness to Practice Law, pursuant to Part A, Section 10 of the Rules Governing Admission to Practice Law in Georgia, filed by Wallace Washington. Washington, who was originally admitted to the practice of law in 1986, was disbarred in 1998 for his failure to return client funds, which conduct violated then-applicable disciplinary Standards: 3, 4,  22 (b),  44, 45(b) and (e), 61, 63, and 65(A) and (D), of Bar Rule 4-102.  See In the Matter of Washington, 270 Ga. 60 (504 SE2d 704) (1998).  After his disbarment, Washington has worked as a legal recruiter, a mortgage broker and originator, and, since 2007, as manager of acquisitions at Crown Castle International.

On August 27, 2015, Washington filed a statement of rehabilitation, and on December 28, 2015, filed a "Reinstatement Narrative," supplementing his original statement of rehabilitation at the request of the Board to Determine

Fitness of Bar Applicants ("Fitness Board") following an informal conference; in his initial and supplemental filings, Washington expressed remorse, took full responsibility for his conduct, and outlined his efforts at rehabilitation in the community, his employment, and his family, see In re Cason, 249 Ga. 806 (294 SE2d 520) (1982). In his written filings and in his conference with the Fitness Board, Washington provided a fuller explanation of the conduct leading to his disbarment, which showed that he had not acted with a selfish or greedy motive, but had returned client funds to one not authorized to receive them. With the supplemental filing, Washington included four letters of support. Additionally, the Client Security Fund has indicated that Washington has made full restitution for monies it paid for claims filed against Washington. And while three additional grievances were pending at the time of the disbarment and were mooted thereby, the State Bar has indicated that it does not intend to reactivate those matters.

The Fitness Board, having met with Washington and having considered his original and supplemental filings, concluded that Washington had, by clear and convincing evidence, carried his burden under Cason of demonstrating, over the course of the past 17 years, rehabilitation from his prior conduct. Upon

2

consideration of the entire record, we likewise conclude that Washington has shown that he is entitled to be certified as fit to practice law in Georgia. Further, it appears that Washington has met all the procedural requirements of Part A, Section 10 for approval of his application for certification of fitness. Accordingly, this Court hereby grants Washington's application for certification of fitness and orders that, upon satisfaction of all the requirements of Part B of the Rules, including taking and passing the Georgia Bar Examination, Washington may be reinstated as an attorney licensed to practice law in the State of Georgia.

Certification of fitness for readmission granted. All the Justices concur.