300 Ga. 658
FINAL COPY

S17Z0882.  IN THE MATTER OF JOSEPH BYRON ERVIN.

PER CURIAM.

This matter is before the Court on the Application for Certification of Fitness to Practice Law, pursuant to Part A, Section 10 of the Rules Governing Admission to the Practice Law in Georgia (the "Rules"), filed by Joseph Byron Ervin.  Ervin, who was originally admitted to the practice of law in 1991, was disbarred in 1999 for misconduct and financial improprieties occurring during the representation of a minor child in a personal injury action, which conduct violated the then-applicable Standards 4, 45 (f), 61, 63, and 65 (A) of Bar Rule 4-102.[1] Specifically, Ervin settled the case without the permission of the child's guardian, failed to deposit the settlement funds in his trust account, misrepresented material facts to the insurer and the court, and ultimately attempted to deliver the settlement funds to the child's guardian, but tendered

---

[1]  In relevant part, Standard 4 prohibited professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation; 45 (f) prohibited settling a legal proceeding or claim without proper authorization from the client; 61 required promptly notifying a client of the receipt of the client's funds and promptly delivering such funds to the client; 63 required the maintenance of a complete record of client funds and promptly rendering appropriate accounts regarding the funds to the client; and 65 (A) prohibited commingling a client's funds with the lawyer's funds.

a check that was returned for insufficient funds. In the Matter of Ervin, 271 Ga. 707 (521 SE2d 561) (1999).

On March 1, 2006, Ervin filed his first Application for Certification, but it was denied by the Board to Determine Fitness in 2009, and Ervin did not seek review in this Court. On December 2, 2015, Ervin filed the instant Application for Certification, and in January 2016, submitted a statement of rehabilitation, expressing deep remorse, taking full responsibility for his conduct, and detailing his rehabilitation through his substantial contributions to his community. See In re Cason, 249 Ga. 806 (294 SE2d 520) (1982). Ervin also met with the Fitness Board and submitted over 20 letters of support from religious leaders, business leaders, elected officials, and attorneys, attesting to his character and substantial civic involvement in the Savannah community, including his appointment to Savannah's Metropolitan Planning Board. The Client Security Fund indicated that no claims had been made against Ervin and that no restitution was due to the Fund from him. And while five additional grievances were pending at the time of the disbarment and were mooted thereby, the State Bar has indicated that it does not intend to reactivate those matters, and Ervin has explained that he has made full restitution to the clients harmed by his conduct.

2

The Fitness Board, having met with Ervin and having considered the materials he submitted, concluded that Ervin had, by clear and convincing evidence, carried his burden under <u>Cason</u> of demonstrating, over the course of the past 17 years, rehabilitation from his prior conduct. Upon consideration of the entire record, we likewise conclude that Ervin has shown that he is entitled to be certified as fit to practice law in Georgia. Further, it appears that Ervin has met all the procedural requirements of Part A, Section 10 for approval of his Application for Certification of Fitness. Accordingly, this Court hereby grants Ervin's Application for Certification of Fitness and orders that, upon satisfaction of all the requirements of Part B of the rules, including taking and passing the Georgia Bar Examination, Ervin may be reinstated as an attorney licensed to practice law in the State of Georgia.

<u>Certification of fitness for readmission granted. All the Justices concur</u>.

Decided February 27, 2017.

Certification of fitness for readmission.

<u>John C. Sammon, A. Leigh Burgess, Heidi M. Faenza</u>, for Office of Bar Admissions.