311 Ga. 797
FINAL COPY

S20Y0752.  IN THE MATTER OF JOSEPH ROGER DAVIS.

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of the special master, Daniel S. Reinhardt, recommending that the Court disbar Joseph Roger Davis (State Bar No. 141985) for his abandonment of a client and his failure to respond in the disciplinary matter.  Davis is currently suspended from the practice of law by order of this Court for failure to respond to Notices of Investigation by the State Bar.[1]  After considering the record, this Court agrees that disbarment is the proper sanction.

Davis, who was admitted to the State Bar in 2005, filed a notice of rejection in response to the State Bar's Notice of Discipline for

---

[1] See Case Nos. S20Y1427 (July 8, 2020) and S20Y0587 (Dec. 11, 2019). The Membership Department of the State Bar also administratively suspended Davis's law license as a result of his failure to pay dues.

Disbarment related to this matter,[2] and thereafter, the State Bar filed the underlying formal complaint and personally served Davis. Davis, however, failed to file an answer and failed to respond to the State Bar's motion for default. In the report and recommendation, the special master found Davis to be in default, noting that as a result, pursuant to Bar Rule 4-212 (a), the facts and violations alleged in the formal complaint are deemed admitted.

Those facts are as follows. Davis was retained to represent a client in a criminal matter in early November 2018. The client paid Davis a retainer and informed him of her concern that warrants had been issued for her arrest. She asked Davis to investigate the warrants and to arrange for her to turn herself in, if necessary, so that she would not be considered a fugitive or a flight risk. Davis failed to conduct an appropriate investigation into whether warrants existed but falsely told the client that there were no warrants. Although the client continued to make payments to

---

[2] Pursuant to this Court's March 26, 2020 order, the special master determined that Davis's response was "adequate" and directed the State Bar to file the formal complaint.

2

Davis, some of which he characterized as retainer payments, he failed to respond to many of her inquiries; failed to appear on her behalf at a hearing; failed to respond to her questions about how the payments she had made had been earned; and repeatedly told her that no warrants had been issued. The client was arrested on December 24, 2018 on warrants that had been issued prior to her hiring Davis. Following the client's arrest, the client and her family attempted to contact Davis, but he failed to respond to their calls and failed to contact or visit Davis. The client remained incarcerated for about seven weeks, and her failure to turn herself in despite having knowledge of the arrest warrants was cited by the prosecution as a reason for not allowing her to be released. With the assistance of another attorney, the client was finally able to be released but suffered significant harm as a result of her incarceration.

After her release from jail, the client sent Davis a letter by certified mail, requesting that he detail what he did to earn the money she paid him and to whom he had spoken about the warrants,

and requesting a refund. Davis did not respond to the letter, nor did he respond to the grievance the client filed with the State Bar.

We agree with the special master that based on this misconduct, Davis violated Rules 1.2 (a), 1.3, 1.4 (b), 1.5 (a), 8.4 (a) (4), and 9.3 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d).[3] The maximum sanction for a violation of Rules 1.2 (a), 1.3, and 8.4 (a) (4), is disbarment, and the maximum sanction for a violation of Rules 1.4 (b), 1.5 (a), and 9.3 is a public reprimand.

The special master appropriately considered the ABA Standards for Imposing Lawyer Sanctions, see *In the Matter of Morse*, 266 Ga. 652, 653 (470 SE2d 232) (1996), and we agree that at least the following aggravating factors are present: dishonest or selfish motive, a pattern of misconduct, refusal to acknowledge the wrongful nature of his conduct, and substantial experience in the practice of law. See ABA Standard 9.22 (b), (c), (g), and (i). We also note that Davis received a Formal Letter of Admonition in 2015 and

---

[3] The special master also found violations of Rules 1.1 (competence) and 1.4 (a) (informed consent). Given our disposition of this matter, we need not consider whether the facts support such additional violations.

that his prior disciplinary history is another aggravating factor. See ABA Standard 9.22 (a); see also Bar Rule 4-208 (in event of subsequent disciplinary proceeding, confidentiality of imposition of confidential discipline shall be waived and confidential discipline may be used in aggravation of discipline).

Having reviewed the record, we agree with the special master's recommendation. Davis's intentional misrepresentations to and abandonment of a client facing criminal charges, and his failure to respond to the disciplinary authorities, warrant the sanction of disbarment. The sanction of disbarment is consistent with prior, similar cases. See, e.g., *In the Matter of Powell*, 310 Ga. 859, 860-861 (854 SE2d 731) (2021) (disbarring attorney who abandoned a client in a criminal matter and failed to respond to disciplinary authorities); *In the Matter of Barton*, 303 Ga. 818, 819 (813 SE2d 590) (2018) (disbarring attorney who abandoned two clients in criminal matters and failed to respond to disciplinary authorities); *In the Matter of Brown*, 294 Ga. 722, 722 (755 SE2d 742) (2014) (disbarring attorney who abandoned four clients in domestic

5

relations matters and failed to respond to disciplinary authorities); *In the Matter of Evans*, 289 Ga. 744, 744-745 (715 SE2d 131) (2011) (disbarring attorney who abandoned three clients and failed to respond to disciplinary authorities).

Accordingly, it is hereby ordered that the name of Joseph Roger Davis be removed from the rolls of persons authorized to practice law in the State of Georgia. Davis is reminded of his duties pursuant to Bar Rule 4-219 (b).

*Disbarred. All the Justices concur.*

Decided June 21, 2021.

Disbarment.

*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, James S. Lewis, Assistant General Counsel State Bar,* for State Bar of Georgia.

6