315 Ga. 390
FINAL COPY

S22Y0940. IN THE MATTER OF TAMORRA A. BOYD.

PER CURIAM.

The State Bar initiated this disciplinary matter in January 2021 with the filing of a formal complaint, charging respondent Tamorra A. Boyd (State Bar No. 201382) with numerous violations of the Georgia Rules of Professional Conduct ("GRPC"), see Bar Rule 4-102 (d), stemming from her allegedly having allowed a California mortgage loan modification company to use her name and license to operate in Georgia and having failed to provide a Georgia client who retained Boyd via that loan modification company with the services for which they contracted. Without holding a hearing, the special master, LaVonda R. DeWitt, granted the State Bar's motion for default, denied Boyd's request to open the default, and issued a Final Report and Recommendation in which she recommended that the Court suspend Boyd for six months as discipline for her conduct.

Boyd filed exceptions seeking review by the Review Board, and after consideration, the Review Board recommended that this Court remand the matter to the special master to proceed with a hearing on the merits or, in the alternative, for a hearing on the motion for default. We agree that a remand to the special master for a hearing on the motion for default is appropriate.

On the relevant issues, the record shows that in September 2018 a couple filed a grievance against Boyd with the State Bar, and it was referred to the State Disciplinary Board ("SDB") for investigation. Boyd filed a lengthy, sworn response to the grievance in October 2018, but the case then stalled for more than a year and a half until, in May 2020, the SDB found probable cause to charge Boyd with violations of the GRPC. In spite of State Bar Rules 4-211 (1) and 4-204.4 (a), which generally require a formal complaint to be filed within 30 days of a probable cause determination unless the SDB has been granted an extension of time, the Bar did not file the formal complaint in this Court or request appointment of a special master until eight months later, on January 28, 2021. On February

2

1, 2021, the Bar mailed the formal complaint to the post-office box Boyd listed as her official address with the Bar's membership department, and when the 14-day deadline for Boyd to return an acknowledgment of service passed, the Bar immediately undertook to serve Boyd by publication. See Bar Rule 4-203.1 (a) (stating that a lawyer's choice to provide only a post-office box address to the Membership Department constitutes an election to waive personal service). Service by publication was completed on March 5, 2021, and, on March 15, 2021, Boyd filed an acknowledgment of service, but she failed to timely file her answer or to timely seek an extension of time in which to do so.

On April 27, 2021, the Bar moved for default judgment and Boyd's attorney, Ecleynne Mercy, e-mailed the Bar, seeking an extension of time and explaining that she had been "recently retained" and that there had been a "significant delay" due to a "slight misunderstanding" with Boyd's malpractice insurance carrier. The same day, the special master directed Boyd to respond to the Bar's motion for default within 30 days. On May 27, 2021,

3

Boyd filed, through counsel, a response to the motion for default that referred to several attached documents, including various letters and e-mails, an affidavit made under oath, and a proposed answer, most of which were not included in her initial submission. After the Bar filed a reply brief on May 28, 2021, noting Boyd's failure to attach the exhibits, Boyd filed an Amended Response, which included the previously-omitted exhibits. Considered together, Boyd's responses sought to set aside the default and attempted to make out a proper case for doing so. And, although the two responses filed by Boyd's counsel are not entirely consistent, they provide some evidence that as early as February 4, 2021, Boyd was taking steps to respond to the formal complaint by contacting her malpractice insurance company to ask about coverage and submitting the necessary claim application to obtain coverage; that there may have been a delay of several weeks before the insurance company actually approved counsel to represent Boyd; that Boyd immediately forwarded the approval letter to counsel once counsel was approved by the insurance company; and that additional delays ensued as

4

counsel and the insurance company communicated through Boyd regarding payment. Notably, in those exchanges, it appears that Boyd repeatedly forwarded each party's e-mails to the other promptly, only to have the other party delay for days or weeks before forwarding its response. In the end, Boyd's counsel failed to file her answer to the formal complaint in a timely manner.

Without holding a hearing, the special master issued an order on the motion to default and on Boyd's request to open the default. In the order, the special master properly noted that the Civil Practice Act generally applies to Bar disciplinary matters, see Bar Rule 4-221.2 (b) ("In all proceedings under this Chapter occurring after a finding of Probable Cause . . . the procedures and rules of evidence applicable in civil cases under the laws of Georgia shall apply."); see also *In the Matter of Turk*, 267 Ga. 30, 30 (1) (471 SE2d 842) (1996) ("OCGA § 9-11-55 (b) applies in disciplinary proceedings."). She also noted that in order to authorize the opening of a default under the Civil Practice Act in a Bar disciplinary case, a respondent must show "providential cause," "excusable neglect,"

5

or a "proper case," and the rules require that her "showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and shall announce ready to proceed with the trial." OCGA § 9-11-55 (b); see also *Turk*, 267 Ga. at 30 (1).

After reviewing the record, the special master held that Boyd had ignored the Bar Rules by failing to file a timely answer, failing to timely request an extension of time in which to file an answer, and failing to initiate any contact with the Bar before it filed its motion for default; that her exhibits contradicted her claim that her insurance company delayed in appointing counsel for this matter; and that she had not "provided a reasonable explanation for her failure to timely answer." Based on these findings, the special master concluded that Boyd had not shown excusable neglect; that she had not shown that this is a "proper case" for opening default; and that she had not even established the conditions precedent to consideration of her claims of excusable neglect or a proper case[1]

---

[1] Boyd did not argue that the default should be opened on the ground of providential cause.

since the only allegations of fraud and criminal activity that she made in her effort to establish a meritorious defense were vague and conclusory and since the assertions made in her responses to the Bar's motion for default were not made under oath. Thus, the special master declined to open the default and, instead, granted the Bar's motion for default. Two months later, the special master entered a Report and Recommendation, finding that the facts and violations alleged in the formal complaint were deemed admitted by Boyd's default and recommending a six-month suspension for Boyd's admitted violations. Boyd sought review by the Review Board of both the finding as to default and the recommended level of discipline.

The Review Board considered the record as a whole and determined that Boyd had been responsive to these proceedings and had repeatedly demonstrated her desire to proceed with the case on the merits. The Review Board ruled that Boyd's failure to timely answer the formal complaint was inconsistent with her other conduct in these proceedings and was addressed by the filing of her response to the motion for default. Given the strong public policy in

favor of resolving cases on the merits rather than by default, the Review Board concluded that after consideration of "all the facts," this was a proper case to open default. See *Exxon Corp. v. Thomason*, 269 Ga. 761, 761 (1) (504 SE2d 676) (1998) (holding that OCGA § 9-11-55 (b) should be liberally construed to keep with the "strong public policy of this state favoring resolution of cases on their merits"); *In the Matter of Lasonde*, 260 Ga. 843 (400 SE2d 322) (1991) (case remanded to the special master for opening of default under the policy of resolving cases on the merits); see, e.g., OCGA § 9-11-1 (providing that the Civil Practice Act "shall be construed to secure the just, speedy, and inexpensive determination of every action"); OCGA § 9-11-8 (f) (providing that "[a]ll pleadings shall be so construed as to do substantial justice"). It accordingly recommended that this Court accept its findings in that regard and remand this case to the special master to proceed with a hearing on the merits, a hearing on the motion for default, or at least a hearing on what factors might exist in aggravation and mitigation of discipline.

The State Bar filed lengthy exceptions to the Review Board's Report and Recommendation, arguing, in pertinent part, that this Court should reject the Review Board's recommendations because the Review Board improperly applied the law to find that Boyd had made a proper case for opening the default and that the record does not support the Review Board's conclusion that Boyd presented a "meritorious defense." Boyd has not responded to the State Bar's exceptions.[2]

After reviewing the record and pretermitting whether the Review Board exceeded its authority in this case, we conclude that under the circumstances of this case, a hearing should be held on the State Bar's motion for default and on Boyd's request that the special master open the default. At the outset, we note that trial courts have "very ample powers" to open defaults and that the proper-case ground for opening a default should be liberally applied

---

[2] Boyd filed a "Motion for Continuance" on September 27, 2022, in which she sought an extension of time to file her response to the State Bar's exceptions. Because this request was filed more than three months after the date her response was due, it was dismissed as untimely. See Supreme Ct. R. 12.

so as to keep with the policy of deciding cases on their merits, see *Bowen v. Savoy*, 308 Ga. 204, 209 (839 SE2d 546) (2020). And, as the Review Board noted, defaults in disciplinary cases most often involve respondents who completely fail to respond to disciplinary proceedings. See *In the Matter of Wadsworth*, 312 Ga. 159 (861 SE2d 104) (2021); *In the Matter of Davis*, 311 Ga. 797 (860 SE2d 467) (2021). Here, the record suggests that Boyd cooperated and participated in the Bar's investigation of the complaint and processes. Although she admittedly failed to file a timely response after acknowledging service, as she worked with her insurance carrier to obtain counsel, and her pleadings were imperfect in both form and substance, her omissions do not appear to rise to the level of failure to engage with, or affirmative disregard for, the disciplinary process.

Accordingly, we vacate the special master's order granting the Bar's motion for default, the special master's Report and Recommendation, and the Review Board's Report and Recommendation, and we remand this matter to the special master

10

with direction that she set a hearing on the Bar's motion for default and Boyd's request to open the default.[3] If, after that hearing, the special master decides to open the default, the matter should proceed with discovery and a hearing on the merits of the formal complaint. See Bar Rule 4-213. If the special master again grants the motion for default, she may consider whether it would be appropriate to set a hearing to consider any matters in mitigation or aggravation of punishment. Compare *In the Matter of Fagan*, 314 Ga. 208, 212-213 n.1 (876 SE2d 242) (2022) ("[T]he Bar Rules do not give the [s]pecial [m]aster authority to sua sponte invite and receive any evidence, including mitigation, when a party is currently in

---

[3] Because we remand this case to the special master for a hearing on the Bar's motion for default and Boyd's request to open the default, we note that the special master, in deciding that Boyd had not met her burden of showing a "proper case" under OCGA § 9-11-55 (b), relied on Boyd's failure to "provide[ ] a reasonable explanation for the failure to timely answer" and failed to consider "all the facts," as required by the default judgment statute. See *Bowen*, 308 Ga. at 208. As we recently explained in *Bowen*, however, the plain language of OCGA § 9-11-55 (b) instructs that when determining whether a proper case exists for the opening of default, the absence of a reasonable explanation is not dispositive, and a special master must consider all of the facts, including whether the failure to file a timely answer resulted from "willful or gross negligence" and "[w]hether [the State Bar] will be harmed or prejudiced by opening the default." Id. at 208-209.

default.") with *In the Matter of Farnham*, 312 Ga. 65, 70 (860 SE2d 547) (2021) (directing special master to set a hearing on mitigating and aggravating factors where respondent submitted pleadings to the special master raising the possibility that such factors existed, if, on remand, the State Bar's motion to strike is granted). Compare Bar Rule 4-212 (a) (providing only that if the respondent fails to timely answer a formal complaint, "the facts alleged and violations charged in the formal complaint shall be deemed admitted") with Bar Rule 4-208.1 (b) (providing that if notice of discipline is not timely rejected, the respondent "shall be in default" and "shall have no right to any evidentiary hearing").

*Vacated and remanded with direction. All the Justices concur.*

Decided December 20, 2022.

Suspension.

*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, James S. Lewis, Assistant General Counsel State Bar*, for State Bar of Georgia.

*The Foster Firm, Ecleynne Mercy*, for Boyd.