NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: September 16, 2025

S25Y0965.  IN THE MATTER OF CRAIG S. BONNELL.

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of the State Disciplinary Review Board (the "Review Board"), which reviewed the report and recommendation issued by Special Master Kalki Yalamanchili at the request of Craig S. Bonnell (State Bar No. 067267), who has been a member of the State Bar since 2001. See Bar Rules 4-214, 4-215, and 4-216. The Special Master found Bonnell in default and, because of his default, found that he admitted violating Rules 1.1, 1.3, 1.4(a), 1.15(I)(c), and 1.16(d) of the Georgia Rules of Professional Conduct ("GRPC"), found in Bar Rule 4-102(d), in connection with three client matters. The maximum sanction for a violation of Rules 1.1, 1.3, and 1.15(I)(c) is disbarment, whereas the maximum sanction for a violation of

Rules 1.4(a) and 1.16(d) is a public reprimand. The Special Master recommended the sanction of a public reprimand. However, upon its review, the Review Board concluded that the Special Master abused his discretion in entering the default judgment and recommended that this Court vacate the default and remand the matter back to the Special Master "for a complete hearing as if no default had been granted." Upon our careful review of the record, we agree that the Special Master abused his discretion by entering default judgment and we remand to the Special Master for a hearing on the merits.

1. *Procedural History*

On July 14, 2023, the State Bar filed a Formal Complaint charging Bonnell with violations of Rules 1.1,[1] 1.3,[2] 1.4(a),[3]

---

[1] Rule 1.1 provides that "[a] lawyer shall provide competent representation to a client."

[2] Rule 1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

[3] Rule 1.4(a) provides, in pertinent part, that a lawyer shall "reasonably consult with the client about the means by which the client's objectives are to be accomplished," "keep the client reasonably informed about the status of the matter," and "promptly comply with reasonable requests for information[.]"

1.15(I)(c),[4] and 1.16(d).[5] Among other allegations, the State Bar claimed that in State Disciplinary Board Docket ("SDBD") No. 7495, a client hired Bonnell to file a Petition for Appointment of an Emergency Conservator and Bonnell failed to perfect service of the Petition, failed to respond to the client's requests for information, failed to deliver the client a detailed bill or any accounting despite multiple requests, and failed to provide the client with her file after she terminated his representation. In SDBD No. 7649, the State Bar alleged that Bonnell represented a client in a criminal prosecution and failed to adequately communicate with the client, failed to respond to reasonable requests for information from the client's daughter, and failed to explain to the client the legal proceedings so that the client could make informed decisions regarding the proceedings. In SDBD No. 7650, the State Bar alleged that Bonnell

---

[4] Rule 1.15(I)(c) provides, in relevant part, that a lawyer "shall promptly deliver to [a] client … any funds or other property that the client … is entitled to receive and, upon request by the client[,] … shall promptly render a full accounting regarding such property."

[5] Rule 1.16(d) provides that "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests[.]"

3

represented another client in a criminal matter, and failed to communicate with the client, failed to respond to the client's repeated requests for a status update, and failed to inform the client about the plea discussions that Bonnell had with the prosecutor. The State Bar filed an Amended Formal Complaint on July 18, 2023, which is not included in the record.

On August 1, 2023, Bonnell was personally served with the Formal Complaint and the Amended Formal Complaint. On November 14, 2023, the State Bar filed the Return of Service. On December 12, 2023, Bonnell filed his answer, in which he admitted some of the State Bar's factual allegations but denied all alleged Rule violations. That same day, the Special Master scheduled a conference for December 15, 2023, at which the parties agreed that all motions would be filed by January 12, 2024. On January 12, 2024, Bonnell filed an "Amended Response to Amended Formal Complaint and Motion to Dismiss Certain Allegations," in which he denied a few of the factual allegations that he previously admitted and, based on these denials, requested that the Special Master

4

dismiss SDBD Nos. 7650 and 7495. On January 24, 2024, with the consent of both parties, the Special Master extended the deadline for filing any motions to January 29, 2024. On the same day that the deadline was extended, Bonnell filed a "Motion for Extension of Time to File Written Response," in which he stated that he was served with the Amended Formal Complaint on August 1, 2023, and was involved in a serious automobile accident on August 15, 2023. In his motion, Bonnell requested that the Special Master consider his previously filed responses, presumably under the assumption that these responses were filed untimely. On February 2, 2024, the State Bar filed a response to Bonnell's Motion for Extension of Time, in which it requested that the motion be denied on the ground that Bonnell was in default pursuant to Bar Rule 4-212(a)[6] because he did not file a response or request an extension of time within 30 days

---

[6] Bar Rule 4-212(a) provides, in relevant part:

The respondent shall file and serve his answer to the formal complaint of the State Bar of Georgia … within 30 days after service of the formal complaint. If the respondent fails to answer or to obtain an extension of time for his answer, the facts alleged and violations charged in the formal complaint shall be deemed admitted.

5

after service of the Formal Complaint and Amended Formal Complaint. Further, the State Bar argued that Bonnell's Motion for Extension of Time did not satisfy the requirements listed in OCGA § 9-11-55(b)[7] for opening default. On February 21, 2024, Bonnell filed a "Motion to Open Default Pursuant to OCGA § 9-11-55(b)," in which he stated that he was in default, that he was involved in the automobile accident two weeks before his answer was due, that he was unaware of OCGA § 9-11-55(b)'s application to disciplinary matters, and that his defenses to the State Bar's charges are meritorious. Bonnell included with his motion a Notice of Leave of Absence submitted to multiple trial court judges on August 17, 2023, in which he stated that he would be taking leave to recover from an

---

[7] OCGA § 9-11-55(b) provides, in relevant part:

At any time before final judgment, the court, in its discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of required pleadings or for excusable neglect or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court. In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and shall announce ready to proceed with the trial.

automobile accident, and an affidavit, in which he stated that he suffered a broken leg and various other injuries and was unable to work for several weeks following the automobile accident. Additionally, Bonnell included with his motion several exhibits that he contended demonstrated that he had a meritorious defense to the State Bar's allegations. These exhibits included an affidavit of a court clerk, in which the clerk stated that the Petition for Appointment of an Emergency Conservator filed by Bonnell for his client in SDBD No. 7495 was properly served; a copy of a text message sent by Bonnell indicating that he attempted to drop this client's file off pursuant to the client's instructions; an affidavit of his employee, in which she stated that she provided updates to the daughter of the client in SDBD No. 7649 on several occasions; and an affidavit of the Assistant District Attorney who prosecuted the client in SDBD No. 7650, in which the ADA stated that he had discussed the client's case with Bonnell, that Bonnell had attempted to negotiate the client's case, and that the client was brought into the courtroom to hear the plea offer, which the client rejected.

7

On March 22, 2024, the State Bar filed a response to Bonnell's Motion to Open Default, acknowledging that this Court prefers to decide disciplinary cases on their merits, that Bonnell had been involved in the disciplinary proceedings, and that "the Special Master has the discretion to open the default and to allow the Response and Amended Response to serve as the required answer in this case." On April 17, 2024, the Special Master sent an email to Bonnell's counsel and counsel for the State Bar, stating the following:

> At this point, the case is still in default. I received Mr. Bonnell's motion to open default as well as the State Bar's response. I did not receive a request to schedule a hearing or a request to enter an order on the motion without a hearing, so I have not taken any action. I am happy to hear argument on the motion on Monday prior to the [evidentiary hearing] and issue an order from the bench.

It does not appear from the record that a hearing on Bonnell's Motion to Open Default was requested or held. On August 22, 2024, the Special Master entered a written order declaring Bonnell in default and denying his Motion to Open Default, finding that he

failed to file his answer to the Formal Complaint in a timely manner and that he failed to file his Motion to Open Default prior to the deadline for filing motions. After entering this written order, the Special Master held an evidentiary hearing on the same day for the purpose of hearing evidence on aggravating and mitigating circumstances for imposing a sanction.

Following the evidentiary hearing, Bonnell filed a Motion for Reconsideration concerning his Motion to Open Default. Bonnell argued that pursuant to the "proper case" ground for opening default, see OCGA § 9-11-55(b), he was only required to establish the existence of a meritorious defense—meaning that "the outcome of the suit may be different from the result if the default stands," *Bowen v. Savoy*, 358 Ga. App. 306, 308 (2021) (citation omitted)—and that he demonstrated his meritorious defense through the multiple affidavits contradicting portions of the State Bar's allegations. On October 18, 2024, the Special Master summarily denied Bonnell's Motion for Reconsideration.

2. *Special Master's Report and Recommendation*

9

Subsequently, the Special Master entered his report and recommendation, in which he determined that, based on the entry of default judgment, Bonnell admitted all factual allegations alleged in the State Bar's Formal Complaint and Amended Formal Complaint and that Bonnell's admissions of fact were sufficient to establish violations of Rules 1.1, 1.3, 1.4(a), 1.15(I)(c), and 1.16(d). The Special Master then concluded that a public reprimand was the appropriate sanction, noting that this Court imposed a public reprimand in a similar case where the attorney violated Rules 1.2, 1.3, and 1.4 by failing to file an action on behalf of a client and there was compelling mitigating evidence. See *In the Matter of Gantt*, 302 Ga. 3 (2017).

3. *Review Board's Report and Recommendation*

Bonnell filed exceptions to the Special Master's report and recommendation before the Review Board, primarily arguing that the Special Master abused his discretion in not opening the default judgment. On March 27, 2025, the Review Board issued its report and recommendation, in which it recited the matter's procedural

10

history, determined that the Special Master's entry of default judgment was an abuse of his discretion, and recommended that this Court vacate the default and remand the matter back to the Special Master "for a complete hearing as if no default had been granted." Specifically, the Review Board determined that the Special Master abused his discretion in entering the default judgment because the State Bar had not formally moved for default; the State Bar initially agreed that default should be opened; the Special Master set a date for the evidentiary hearing without entering a default judgment; and the default judgment was not formally entered until the day of the hearing prior to the start of the hearing, at which time Bonnell had been engaged in the disciplinary process.[8]

---

[8] Alternatively, the Review Board concluded that, pursuant to the Georgia Civil Practice Act, Bonnell's answer was timely because it was filed within 30 days of the State Bar's filing of proof of service. While Bonnell was personally served with the Formal Complaint and Amended Formal Complaint on August 1, 2023, the State Bar did not file its proof of service until November 14, 2023. See OCGA § 9-11-4(h) ("If the proof of service is not filed within five business days, the time for the party served to answer the process shall not begin to run until such proof of service is filed."). However, the Review Board also acknowledged that the rules regarding procedure of default and service under the State Bar rules do not mirror the Georgia Civil Practice Act.

11

4. *Analysis*

The State Bar filed exceptions before this Court, contending that the Review Board erred in concluding that the Special Master's entry of default judgment was an abuse of discretion. We disagree.

Rooted within our disciplinary process is a strong preference for "deciding cases on their merits." *In the Matter of Boyd*, 315 Ga. 390, 394 (2022). See also *In the Matter of Sammons, Jr.*, 316 Ga. 885, 893 (2023) (Peterson, P.J., concurring in judgment only) (explaining that the "policy underlying the State Bar disciplinary process has a strong preference for deciding cases on their merits rather than by default" (citation omitted)). The principle that, when possible, disciplinary cases should be decided on the merits is particularly true where the record is clear that the attorney has attempted to cooperate and participate in the disciplinary proceedings. See *Boyd*, 315 Ga. at 394 (vacating the Special Master's order granting the State Bar's motion for default and noting that, although the attorney failed to file a timely answer to the Formal Complaint, "the record suggests that [she] cooperated and participated in the Bar's

12

investigation of the complaint and processes"). In *Boyd*, we further explained that "defaults in disciplinary cases most often involve respondents who completely fail to respond to disciplinary proceedings." Id. Cf. *In the Matter of Cleveland*, 317 Ga. 515, 515 (2023) (attorney deemed in default where attorney failed to participate in the disciplinary process). Moreover, where an attorney who is participating in the disciplinary process is unreasonably deprived of the opportunity to defend the charges against him, due process concerns may arise. See generally *In the Matter of Brown*, 319 Ga. 465, 478 (2024) (noting that "the Due Process clause contained in the Georgia Constitution guarantees the right to work in one's chosen profession free from unreasonable government interference" (citation omitted)).

Moreover, we have held that OCGA § 9-11-55(b)—which governs the process for opening defaults and provides that the opening of default is permitted "where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened"—applies in disciplinary proceedings. See, e.g., *In the*

13

*Matter of Turk*, 267 Ga. 30, 30 (1996).[9] And we have explained that "the proper-case ground for opening a default should be liberally applied so as to keep with the policy of deciding cases on their merits." *Boyd*, 315 Ga. at 394. Such considerations for determining whether the proper-case ground should apply include whether the failure to file a timely answer resulted from "willful or gross negligence" and whether the other party "will be harmed or prejudiced by opening the default." *Bowen v. Savoy*, 308 Ga. 204, 208–09 (2020).

Here, there is nothing in the record demonstrating that the State Bar ever filed a formal motion for default judgment in this matter, and there is nothing in Bar Rule 4-212(a) that indicates that a case is *automatically* in default if a respondent does not timely

---

[9] The analytical jump we made from noting that OCGA § 9-11-55 is instructive in disciplinary cases, see *In the Matter of Perkins*, 255 Ga. 176, 176 (1985), to concluding that it is controlling, see *Turk*, 267 Ga. at 30, is not well explained in our case law. Nevertheless, while some of us may doubt the correctness of importing that provision of the Civil Practice Act into disciplinary cases, neither party has asked us to reconsider that position, or our cases that apply the Civil Practice Act in this way, and we do not do so here.

14

answer the Formal Complaint. Compare Bar Rule 4-212(a) ("[i]f the respondent fails to answer or to obtain an extension of time for his answer, the facts alleged and violations charged in the formal complaint shall be deemed admitted") with OCGA § 9-11-55(a) (providing that if an answer is not timely filed, "the case shall *automatically* become in default" (emphasis added)).[10] See generally *Sammons,* 316 Ga. at 891–92 (attorney not in default where the State Bar's motion for default remained pending before the Special Master and had not yet been resolved). The timing of the Special Master's entry of default judgment, which occurred on the day of the scheduled evidentiary hearing, is problematic, as, by this point, Bonnell had already submitted several filings in the proceeding—including his answers to the Formal Complaint and Amended Formal Complaint—and had been in frequent communication with the Special Master and State Bar. As such, this matter is not the typical case where a default judgment is entered against an attorney

---

[10] We note that while we held in *Turk* that OCGA § 9-11-55(b) applied in disciplinary proceedings, see 267 Ga. at 30, we did not address the application of OCGA § 9-11-55(a) to disciplinary proceedings.

15

who has completely failed to participate in the disciplinary proceedings.[11]

Moreover, we reiterate that Special Masters have "very ample powers to open defaults," and should liberally apply OCGA § 9-11-55(b)'s proper-case ground for opening a default. *Boyd*, 315 Ga. at 394 (citation omitted). Here, even if the default judgment had been properly entered against Bonnell, the Special Master abused his discretion in denying Bonnell's Motion to Open Default, particularly given the evidence that Bonnell was involved in an automobile accident two weeks before his answer was due which prevented him from working—a contention which the State Bar does not dispute— and the State Bar's original concession that the Special Master had discretion to open default given this Court's preference to decide disciplinary matters on the merits rather than by default. Cf. *In the Matter of David-Vega*, 318 Ga. 600, 602, n.2 (2024) (declining to hold

---

[11] As mentioned, there is nothing in Bar Rule 4-212(a) that indicates that a case is automatically in default if a respondent does not timely answer the Formal Complaint. We are open to exploring amendments to the Rules to clarify these issues.

16

that the Special Master abused his discretion in not opening the default judgment, noting that the attorney produced no evidence suggesting that she had been trying to timely respond to the Formal Complaint and, in response to attorney's motion to open default, the State Bar argued that it would be prejudiced by the opening of default because it had relied on the attorney's false representation that she would file a petition for voluntary discipline).[12]

Accordingly, we agree with the Review Board that the Special Master abused his discretion in declaring Bonnell in default and denying his Motion to Open Default, and we agree that this case should proceed on the merits. Therefore, we vacate the Special Master's order declaring Bonnell in default and the Special Master's report and recommendation, and we remand this matter to the

---

[12] Because we hold that the Special Master abused his discretion in entering the default judgment for the reasons listed above, we do not address the Review Board's alternative conclusion regarding OCGA § 9-11-4(h).

17

Special Master with direction that he decide the merits of the case in accordance with the applicable rules and law.

*Remanded with direction. All the Justices concur.*