NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: March 3, 2026

S26Y0042.  IN THE MATTER OF OKSANA KLYMOVYCH.

PER CURIAM.

This matter is before the Court on the report and recommendation of the State Disciplinary Review Board, reviewing the report and recommendation of special master M.J. Blakely and recommending that respondent Oksana Klymovych (State Bar No. 545028) be suspended for one year for violations of several provisions of the Georgia Rules of Professional Conduct ("GRPC"), in connection with her representation of a single client. The special master's determination that Klymovych violated the GRPC was based on the finding that Klymovych was in default. However, after the special master entered his order, we have clarified that in attorney disciplinary matters, there is a strong preference for "deciding cases on their merits." *In the Matter of Alexander*, 323 Ga.

50, 54 (2025) (quotation marks omitted); *In the Matter of Bonnell*, 322 Ga. 585, 590 (2025). And here, the record shows that Klymovych promptly responded to the Bar when first notified about the client's grievance, provided substantive answers to the issues raised, provided documents regarding the client's allegations, and participated in the evidentiary hearing. Therefore, we conclude that the special master abused his discretion in denying Klymovych's motion to open default, and we reverse in part and remand for further proceedings addressing the merits of Klymovych's arguments.

With respect to the issue of default, the record shows that Klymovych was retained by a client in the summer of 2022 and deposited client funds in an IOLTA account. In December 2022, Klymovych returned the funds to the client after the client filed a grievance with the State Bar. In early 2023, the State Bar and Klymovych exchanged emails regarding the matter, and Klymovych provided information and documents about the representation. In April 2023, the State Bar issued a Notice of Investigation regarding

2

the client's grievance, and Klymovych provided a written response in May 2023. On October 24, 2023, a member of the Board emailed Klymovych with questions about her representation of the client, and Klymovych responded by email. On October 27, 2023, the State Bar issued a notice of probable cause finding probable cause to charge Klymovych with violations of multiple GRPC arising out of her representation of the client. On December 15, 2023, the State Bar filed a formal complaint against Klymovych and sought the appointment of a special master. This Court then appointed a special master, see Case No. S24B0475 (Dec. 18, 2023), and Klymovych acknowledged service of the formal complaint on December 27, 2023. Klymovych did not file a timely answer, and the State Bar filed a motion for default. A hearing on the motion for default was set, and Klymovych appeared at the hearing.

On the day of the hearing, Klymovych filed her answer to the State Bar's complaint, in which she addressed at length the factual assertions and violations of the GRPC alleged in the formal complaint. At the hearing before the special master, Klymovych

apologized for her lack of communication; stated that she intended to engage fully with the State Bar regarding the grievance, noting the communications she had with the State Bar in 2022 and 2023; and stated that she misunderstood the appropriate procedures for disciplinary matters. Klymovych explained that she believed she had provided answers and explanations to the State Bar that she felt were sufficient to address the issues raised by the client's grievance. Klymovych also noted that she had received her Bar license and opened her solo practice in 2019, shortly before the onset of the Covid-19 pandemic, which limited her ability to meet and learn from other lawyers, and that, as a native Ukrainian, she had become involved in volunteer work with the Ukrainian community in Georgia following the Russian invasion of Ukraine in 2022, including taking on hundreds of immigration cases on behalf of Ukrainian clients.

Klymovych stated that she had been surprised when the formal complaint issued, and between her busy schedule as a solo practitioner and single mother and her misunderstandings about

4

the disciplinary process, she failed to file a timely answer. At the hearing, Klymovych made an oral motion to open default under OCGA § 9-11-55(b). See *In the Matter of Turk*, 267 Ga. 30, 30 (1985) (holding that OCGA § 9-11-55(b), which governs the process for opening defaults in civil actions, applies in disciplinary proceedings). Klymovych argued that "proper cause" existed to open the default; that she did not willfully fail to file an answer but misinterpreted the rules; that the materials she had provided to the State Bar provided a valid defense to the charged violations; and that she was ready to proceed with the hearing. See generally *In the Matter of Boyd*, 315 Ga. 390, 394 (2022) (explaining that "the proper-case ground for opening a default should be liberally applied so as to keep with the policy of deciding cases on their merits"). However, the special master granted the State Bar's motion for default and denied Klymovych's motion to open default.

A few weeks after the hearing, Klymovych filed a "Motion to Reconsider the Motion to Vacate (Reopen) Default and Motion to Reopen Default." In addition to reiterating her assertions from the

hearing regarding her request to open default, Klymovych denied that she had willfully disregarded her obligation to comply with the appropriate process and asserted that her mishandling of the disciplinary process was the result of an honest mistake, partially caused by the fact that she is representing herself in unfamiliar proceedings, and was not due to any malicious or willful non-compliance; and that her difficult personal circumstances should be considered as also having given rise to her inadvertent non-compliance with the appropriate disciplinary procedure. In response to Klymovych's motion to reconsider, the State Bar noted that Klymovych had admitted at the hearing that she had failed to file a timely, formal, written answer and argued that her motion should be denied.

In the special master's report and recommendation, he found that the allegations of the formal complaint were admitted by Klymovych's default and that a one-year suspension was the appropriate sanction. On the same day, the special master entered a brief order denying Klymovych's motion for reconsideration,

6

noting that Klymovych had admitted at the hearing that she had failed to file a timely, formal, written answer and that she had presented no new evidence or argument as to the default issue.

Klymovych filed exceptions to the special master's report and recommendation with the Review Board to which the State Bar responded. The Review Board issued its report and recommendation, and with respect to the issue of default, concluded summarily that a default was warranted and that Klymovych failed to present a meritorious defense.

Having considered the full record and the parties' filings in this Court, we conclude that under these particular circumstances, the special master abused his discretion in refusing to open default. The record demonstrates that Klymovych actively participated and cooperated with the State Bar between the time that the grievance was filed and when the formal complaint was filed a year later; provided detailed information and documentation regarding her representation of the client; and provided an explanation for her failure to timely file an answer. Additionally, recent cases issued

after the entry of the special master's order here, make clear that, as to attorney disciplinary matters, there "is a strong preference for 'deciding cases on their merits'"; that "the principle that, when possible, disciplinary cases should be decided on the merits is particularly true where the record is clear that the attorney has attempted to cooperate and participate in the disciplinary proceedings"; that "defaults in disciplinary cases most often involve respondents who completely fail to respond to disciplinary proceedings"; that "the proper-case ground for opening a default should be liberally applied so as to keep with the policy of deciding cases on their merits"; and that "Special Masters have very ample powers to open defaults." *Bonnell*, 322 Ga. at 590–92 (cleaned up). We have further noted that "considerations for determining whether the proper-case ground should apply include whether the failure to file a timely answer resulted from 'willful or gross negligence' and whether the other party 'will be harmed or prejudiced by opening the default.'" Id. at 591. In this matter, the record would support a finding that Klymovych's failure to timely file an answer resulted

8

from an honest misunderstanding of the inadequacy of her communications with the Bar regarding the grievance, rather than from any "willful or gross negligence." Moreover, the State Bar has not established that there would be any harm or prejudice to it resulting from the opening of default. Finally, it is not clear that the Bar is correct in its assertion that Klymovych has failed to establish the "meritorious defense" condition for opening default. See generally *In the Matter of Mylee*, Case No. S25Y0888, slip op. at 21 (January 21, 2026) (stating that in considering the requirements to open default, "we see good reason in … liberally applying the … requirement to set up a meritorious defense"). However, we express no opinion on whether Klymovych's defenses to the charged Rules violations will ultimately be meritorious. The Bar also makes no attempt to argue that a "meritorious defense" has not been established by reference to the standards established in the relevant case law, instead simply stating so in a conclusory fashion.

Accordingly, we disagree with the Review Board and hold that the special master abused his discretion in refusing to open default

9

under these particular circumstances. Therefore, the Court reverses the special master's order denying Klymovych's motion to open default and remands this matter to the special master with direction that he decide the merits of the case in accordance with the applicable rules and law.[1]

*Reversed in part, vacated in part, and case remanded. All the Justices concur.*

---

[1] We recognize that it may be difficult to proceed on the merits of a case when the attorney does not respond to the formal complaint according to the State Bar Rules. However, nothing in this opinion precludes a special master from setting a final hearing on the merits with the appropriate notice, even if the attorney does not respond to the formal complaint.

PETERSON, Chief Justice, concurring.

I join fully the decision of the Court concluding that the special master abused his discretion in refusing to open default. I write separately to explain that the special master's decision was nevertheless reasonable at the time that it was made, given the limited and conflicting guidance this Court had given.

As the Court's opinion explains, we have a strong preference for deciding cases on their merits. See Op. at 2 (citing *In the Matter of Alexander*, 323 Ga. 50 (2025); *In the Matter of Bonnell*, 322 Ga. 585 (2025)). This preference is right and good:

> Default is a necessary part of the disciplinary process because many lawyers who commit serious violations simply refuse to participate in the process. The public would be at considerable risk if those lawyers were allowed to evade discipline simply by staying on the sidelines. But that's not what happened here, and enforcing default in these circumstances (instead of proceeding to the merits) would not protect the public.
>
> Rule 9.3 requires lawyers to "respond to disciplinary authorities in accordance with State Bar Rules." The maximum penalty for violation of that rule is merely a public reprimand.

11

*In the Matter of Sammons*, 316 Ga. 885, 893 (2023) (Peterson, P.J., concurring in judgment only). And when default follows from a violation of Rule 9.3 by someone nevertheless responsive to the process, it often converts violation of a rule punishable only by a public reprimand into an automatic suspension or disbarment. See id.

But although we have frequently *said* that there is a preference for reaching the merits, see, e.g., *In the Matter of Boyd*, 315 Ga. 390, 394 (2022) (remanding for the special master to hold a hearing on opening default), it is only more recently that we have actually been *applying* that preference. *Alexander* issued in November 2025, and *Bonnell* in September 2025. But the special master here issued the last default-related order in February 2025.

And before February 2025, our binding caselaw made clear that we expected special masters generally to apply precedent regarding the Civil Practice Act, and that precedent did not clearly include the heavy thumb we now put on the scale for reaching the merits. (For the same reason, I don't fault the special masters in

12

*Alexander* or *Bonnell*.) But now we have made clear repeatedly that, absent willful noncompliance, complete failure to respond, an attempt to evade the disciplinary process, or something else of like kind, disciplinary matters should generally be resolved on the merits and not by default.

In most other contexts, this shift in approach would likely be improper (or at least require serious consideration of stare decisis). But the regulation of the practice of law is different. "We have long held that this Court has the inherent and exclusive authority to regulate the practice of law in Georgia." *In the Matter of Brown*, 319 Ga. 465, 478 (2024). The entire disciplinary process is our process. When a statute like OCGA § 9-11-55 vests discretion in trial courts regarding default, that discretion is vested by the General Assembly through its exercise of the legislative power. See OCGA § 9-11-55 ("At any time before final judgment, the court, in its discretion, upon payment of costs, may allow the default to be opened … ."). A proper respect for the separation of powers thus requires us to respect the full scope of that discretion. But whatever discretion special masters

13

enjoy regarding default in Bar discipline cases is discretion purely of our own creation in the exercise of our judicial power, and thus we have more freedom to shift approach than in an ordinary appeal. Cf. *Inquiry Concerning Judge Coomer*, 316 Ga. 855, 860 n.5 (2023) ("Although we do generally defer to factual findings by the Hearing Panel (and ultimately do so here on the critical points), the broad and discretionary nature of our review in judicial discipline matters means that we need not always defer even in situations where we would defer to a factfinder in an ordinary appeal."). When we see that the disciplinary system would function better with less discretion on a certain point, it is not only within our authority to adjust that discretion, it is our obligation to do so.

One more word on default in disciplinary proceedings. Our preference for reaching the merits in disciplinary matters means that a special master's discretion to deny opening default is materially narrower than a trial court judge's similar discretion under OCGA § 9-11-55. And yet our precedent looks to § 9-11-55 for guidance. Lawyers, the Bar, and special masters would be much

14

better off with a Bar-specific rule regarding default. To that end, I would encourage the Bar to consider crafting such a rule.

I am authorized to state that Presiding Justice Warren and Justice Bethel join in this concurrence.